BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
ANNE M. LORADITCH, ESQ.
Nevada Bar No. 8164
MICAELA RUSTIA, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
　　　　aloraditch@foxrothschild.com
　　　　mrustia@foxrothschild.com
*Counsel for Debtors*

Electronically Filed March 1, 2011

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>WHITTON CORPORATION, a Nevada corporation<br><br>☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects South Tech Simmons 3040C, LLC | Case Nos. BK-S-10-32857-BAM and BK-S-10-32680-BAM<br><br>Jointly Administered Under<br>Case No. BK-S-10-32680-BAM<br><br>Chapter 11<br><br>**DECLARATION OF PAUL HAMILTON IN SUPPORT OF DEBTORS MOTION FOR INTERIM AND FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105, 364, FED R. BANKR. P. RULE 4001(C) AND L.R. 4001(B) AND (C): (I) AUTHORIZING DEBTORS TO OBTAIN POSTPETITION FINANCING; (II) GRANTING RELATED RELIEF, AND (III) SCHEDULING FINAL HEARING**<br><br>**OST REQUEST PENDING**<br>Hearing Date:　March 15, 2011<br>Hearing Time:　3:00 p.m. |

I, Paul Hamilton, being duly sworn, hereby depose and declare under penalty of perjury:

1. I am over the age of 18, am mentally competent, and if called upon to testify as to the statements made herein, could and would do so.

*VG1 74762v2 03/01/11*　　　　　　　　　　　　　1

2.      I am a founding principal of Province Advisors, LLC ("<u>Province</u>"), who maintains an office at 5915 Edmond Street, Suite 102, Las Vegas, Nevada 89118. I submit this Declaration in Support of Debtors Motion for Order (I) Authorizing the Debtors To Obtain Postpetition Financing; (II) Granting Related Relief; and (III) Scheduling Final Hearing (the "<u>Postpetition Financing Motion</u>").[1] Except as otherwise limited herein, I make the following statements based upon my personal knowledge, belief, and where applicable, upon the business records of the Debtors in the above-captioned bankruptcy cases.

3.      I am the person at Province primarily responsible for the preparation and marketing of a detailed package concerning Debtors' postpetition and emergence financing needs.

4.      Province took a three-pronged approach to the marketing and search for post petition financing for the Debtors. First, we contacted groups that specialize in this type of product. Second, we contacted various bankruptcy attorneys in this arena for successful references of capital that they had worked with and emerged with in the past. Third, we marketed to people and entities that actively invest in the Nevada market.

5.      The first two approaches resulted in a number of potential partners, however, the offers had very unattractive terms.

6.      The third approach resulted in offers from local investors that understood the Nevada market. Within the subset of local investors, we received two offers for post petition and reorganization financing—one from Umbra Partners ("<u>Umbra</u>") and one from Ruby Capital Investments, LLC ("<u>Ruby</u>") and Silver Phoenix, LLC ("<u>Phoenix</u>" and with Ruby, the "<u>Lenders</u>").

7.      The terms of the Umbra offer and the terms offered by other potential lenders, were not as beneficial as the terms offered by Lenders. While some of the other proposed lenders had some of the following terms, no other lender could provide the loans with all of these terms. The total combination of benefits offered by the Lenders included the following:

---

[1] Capitalized terms used, but no defined herein, shall have the meanings ascribed to such terms in the Postpetition Financing Motion.

*VG1 74762v2 03/01/11*                                2

    a.    <u>Capital Certainty</u>. The Lenders did not have to raise the capital or obtain approval to put the required capital to work. The capital is immediately available and set aside for the Debtors.

    b.    <u>Due Diligence</u>. The Lenders completed on the ground due diligence by the actual principals to provide instant feedback and ultimately approval.

    c.    <u>Flexibility</u>. The final terms of the reorganization, including the long term hold and the specific properties either included or excluded, were acceptable to the Lenders.

    d.    <u>Emergence</u>. The Lender was willing to convert the financing to emergence equity.

    e.    <u>Immediacy</u>. The Lenders had the immediate financial wherewithal as well as the forward financial wherewithal to withstand lean times as well as unforeseen items that could occur.

    f.    <u>Market Familiarity</u>. The Lenders, combined, have been developing properties in the Las Vegas and Henderson market for well over twenty five (25) years and bring an unparalleled commitment and expertise to the Debtors.

    g.    <u>Continuity</u>. The Lenders are committed to stay in these properties for the long term. In addition, they are local and already familiar with the Debtors' properties and therefore there is no requirement to insert third party personnel to insure that the properties run at an optimum level.

    h.    <u>Expertise</u>. The principals of the Lenders bring a level of expertise and a hands on approach that is beneficial to the Debtors.

8.    Province did not receive <u>any</u> offers to provide postpetition financing to Debtors on an unsecured basis.

9.    The terms of the DIP Credit Agreement are similar to those often included in complex financing arrangements and, in my opinion, are fair and reasonable considering the market, risks, facts and circumstances of these cases.

///

///

1   I declare under penalty of perjury of the laws of the United States of America that the foregoing
2   is true to the best of my knowledge, information and belief.
3   Executed this 1st day of March, 2011, in Las Vegas, Nevada

                                    PROVINCE ADVISORS, LLC

                                    By:  _____*s/Paul Hamilton*_____
                                         PAUL HAMILTON, Founding Principal

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

*VG1 74762v2 03/01/11*                                4