**Entered on Docket
March 29, 2011**

_____
**Hon. Bruce A. Markell
United States Bankruptcy Judge**

HAL L. BAUME, ESQ.
*Admitted Pro Hac Vice*
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
ANNE M. LORADITCH, ESQ.
Nevada Bar No. 8164
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899 / Facsimile: (702) 597-5503
Email: hbaume@foxrothschild.com
       baxelrod@foxrothschild.com
       aloraditch@foxrothschild.com

*Counsel for Debtors*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>WHITTON CORPORATION, a Nevada corporation<br><br>☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects South Tech Simmons 3040C, LLC | Case Nos. BK-S-10-32680-BAM and BK-S-10-32857-BAM<br><br>Jointly Administered Under Case No. BK-S-10-32680-BAM<br><br>Chapter 11<br><br>**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 364, FED R. BANKR. P. RULE 4001(C) AND L.R. 4001(B) AND (C): (I) AUTHORIZING DEBTORS TO OBTAIN POSTPETITION FINANCING; (II) GRANTING RELATED RELIEF; AND (III) SCHEDULING FINAL HEARING**<br><br>Hearing Date:  March 15, 2011<br>Hearing Time:  3:00 p.m. |

VG1 75940v3 03/23/11

1

The Court has reviewed and considered the motion of the debtors and debtors-in-possession (collectively, "Debtors" or "Borrowers") in the above-captioned chapter 11 bankruptcy cases (the "Chapter 11 Cases"), for entry of an interim order (the "Interim DIP Order") and final order (the "Final DIP Order") (as amended, modified or supplemented, the "Motion"), pursuant to sections 105, 361, 362, 363(c), 364(b), and 364(e) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 4001(b) and (c) of the Local Rules for the U.S. Bankruptcy Court, District of Nevada ("Local Rules"), seeking, among other things:[1]

(a) authorization for Debtors to obtain unsecured postpetition financing in an aggregate principal amount of up to $2,100,000 (the "Postpetition Financing"), pursuant to Bankruptcy Code section 364(b), from Ruby Capital Investments, LLC ("Ruby") and Silver Phoenix, LLC ("Silver," together with Ruby, the "Lenders"), pursuant to the terms of this Interim DIP Order and that certain Debtor in Possession Revolving Credit Agreement by and among the Borrowers, and the Lenders, in substantially the form attached to the Motion as Exhibit B, as modified at the Interim Hearing to reflect the Postpetition Financing is made pursuant to section 364(b) (as the same may be amended, restated, supplemented or otherwise modified from time to time, collectively, the "Modified DIP Credit Agreement"), and any related documents required to be delivered by or in connection with the Modified DIP Credit Agreement (together with the Modified DIP Credit Agreement, collectively, the "Loan Documents");

(b) authorization for Borrowers to execute and enter into the Loan Documents and to perform such other and further acts as may be required in connection with the Loan Documents; and

---

[1] Capitalized terms used, but not defined herein, shall have the meanings ascribed to such terms in the Modified DIP Credit Agreement, and capitalized terms used but not immediately defined in this Order shall have the meanings ascribed to them later in this Order.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

     (c)    the modification of the automatic stay imposed under Bankruptcy Code section 362 to the extent necessary to permit the Borrowers and the Lenders to implement the terms of this Interim DIP Order.

A hearing on the Motion was held by this Court on March 15, 2011 ("<u>Interim Hearing</u>"). The Court has considered the Motion and all pleadings related thereto, including all objections to the Motion, as well as the evidence submitted and the oral arguments of record made by Debtors and other parties at the Interim Hearing, and after due deliberation and consideration, and good and sufficient cause appearing;

**THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:**

**I.    Background, Jurisdiction and Notice.**

A.    On December 5, 2010 (the "<u>Whitton Petition Date</u>"), Whitton commenced its bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 8, 2010 (the "<u>Simmons Petition Date</u>" and, together with the Whitton Petition Date, collectively, the "<u>Petition Dates</u>"), Simmons commenced its bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtors are continuing to operate their respective businesses and manage their respective properties as debtors-in-possession, pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee, examiner, or statutory committee has been appointed in these cases.

B.    This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    Debtors have complied with Bankruptcy Rule 4001(c) and (d), Local Rule 4001(b) and Local Rule 9006 to hold the Interim Hearing on less than twenty-one (21) days notice by serving the Motion and providing notice of the Interim Hearing by facsimile or overnight mail to: (i) the U.S. Trustee; (ii) Debtors' twenty (20) largest unsecured creditors; (iii) the Lenders; (iv) other parties with liens of record on assets and property of Debtors, as of the respective Petition Dates; and (v) all other parties requesting notice pursuant to Bankruptcy Rule 2002. Given the nature of the relief sought in the Motion, the Court concludes that the foregoing notice was sufficient and adequate under the circumstances and complies with Bankruptcy Rule 4001 in all respects.

**II.     Findings Regarding the Postpetition Financing Based on the Record at the Interim Hearing.**

     D.     The findings made by the Court and the basis for the Court's approval of the Postpetition Financing on an interim basis and entry of this Interim DIP Order, as set forth by the Court on the record at the Interim Hearing, are incorporated herein by reference, pursuant to Bankruptcy Rule 7052.

     E.     The use of Cash Collateral alone would be insufficient to meet Borrowers' postpetition liquidity needs. The Postpetition Financing shall be provided to Debtors as unsecured credit allowable under Bankruptcy Code sections 364(b) and 503(b)(1). The only sufficient source of credit available to the Borrowers is the Postpetition Financing. Borrowers require the Postpetition Financing, in addition to the use of cash collateral under the terms of various Orders entered by this Court authorizing Debtors' use of the cash collateral of Prepetition Lenders holding Liens on Debtors' assets, to satisfy their postpetition liquidity needs.

     F.     Lenders have indicated a willingness to provide Borrowers with certain financing, but solely on the terms and conditions set forth in this Interim DIP Order and in the Loan Documents. After considering all of their alternatives, Borrowers have concluded, in an exercise of their sound business judgment, that the financing to be provided by Lenders, pursuant to the terms of this Interim DIP Order and the Loan Documents, represents the best financing presently available to Borrowers.

     G.     Lenders do not hold any prepetition claims against Debtors.

     H.     Good cause has been shown for immediate entry of this Interim DIP Order, pursuant to Bankruptcy Rules 4001(c)(2) and, to the extent it applies, Bankruptcy Rule 6003, as the Court finds that entry of this Interim DIP Order is necessary. To the extent Borrowers have not complied with Bankruptcy Rule 4001(c)(2), the Court finds good cause to waive that requirement.

     I.     For the sole purpose of the loans made pursuant to this Interim Order, Borrowers and Lenders have negotiated the terms and conditions of the Loan Documents and this Interim DIP Order in good faith and at arm's-length, and any credit extended and loans made to Borrowers on an interim basis pursuant to this Interim DIP Order shall be, and hereby are, deemed to have been extended, issued or made, as the case may be, in "good faith" within the meaning of Bankruptcy Code section 364(e).

///

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

J.    Based on the foregoing, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.    The Motion is APPROVED on an interim basis on the terms and conditions set forth in this Interim DIP Order.  This Interim DIP Order shall become effective immediately upon its entry.  To the extent the terms of the Loan Documents differ in any material respect from the terms of this Interim DIP Order, this Interim DIP Order shall control.

**A.    Authorization of the Postpetition Financing and Entry Into the Loan Documents.**

2.    The terms and conditions of the Modified DIP Credit Agreement are hereby approved.  Borrowers are hereby authorized to enter into the Loan Documents, including the Modified DIP Credit Agreement and such additional documents, instruments, and agreements as may be reasonably required by Lenders to implement the terms or effectuate the purposes of this Interim DIP Order.  Immediately upon entry of this Interim DIP Order, Borrowers are hereby authorized to borrow an initial loan of up to $350,000 ("Initial Loan"), in accordance with this Interim DIP Order, the Modified DIP Credit Agreement, and the other Loan Documents.

3.    Borrowers are hereby authorized to incur the Obligations solely in accordance with the terms and conditions set forth in the Modified DIP Credit Agreement and this Interim DIP Order.

**B.    Loan Obligations.**

4.    Upon execution and delivery of the Loan Documents, the Loan Documents shall constitute valid, binding and continuing obligations of Borrowers, enforceable against each Borrower thereto in accordance with the terms thereof.  No obligation or payment under the Loan Documents or this Interim DIP Order shall be stayed, restrained, voided, voidable, or recoverable under the Bankruptcy Code or under any applicable non-bankruptcy law, or subject to any defense, reduction, setoff, recoupment or counterclaim.

5.    All loans made to or for the benefit of Borrowers on or after the respective Petition Dates under the Loan Documents (collectively, the "Loans"), all interest thereon, and all fees, costs, expenses, and other liabilities owing by the Borrowers to Lenders under the Loan Documents and this Interim DIP Order shall hereinafter be referred to as the "Obligations."  The Loans: (i) shall bear interest payable at the rates set forth in the Modified DIP Credit Agreement; (ii) shall be unsecured, as allowable under

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

Bankruptcy Code section 503(b)(1); (iii) shall be payable in accordance with the terms of the Loan Documents; and (iv) shall otherwise be governed by the terms set forth herein and in the Loan Documents.

**C.     Use of Loan Proceeds.**

6.     The Borrowers may use the Loans to fund payment of Professional Fees, only as may be allowed by the Court or otherwise authorized for payment in accordance with any applicable Court order, and other administration expenses of these Chapter 11 Cases, pursuant to the terms and conditions set forth in this Interim DIP Order and in the Loan Documents.

**D.     11 U.S.C. § 364(e) Protections.**

7.     If any or all of the provisions of this Interim DIP Order are hereafter reversed, modified, vacated or stayed, such reversal, modification, vacation or stay shall not affect (i) the validity of any Obligations incurred, pursuant this Interim DIP Order or the Loan Documents; or (ii) the validity or enforceability of any claim authorized or created hereby or pursuant to the Loan Documents with respect to any Loans or Obligations. Notwithstanding any such reversal, modification, vacation or stay, any Loans received or Obligations incurred by Borrowers shall be governed in all respects by the provisions of this Interim DIP Order and the Loan Documents, and the Lenders shall be entitled to all of the rights, remedies, protections and benefits granted under Bankruptcy Code section 364(e), this Interim DIP Order, and the Loan Documents with respect to all Loans made to and the Obligations incurred by Borrowers.

**E.     Vacation of the Automatic Stay.**

8.     Notwithstanding Bankruptcy Code section 362, the automatic stay is hereby vacated and modified to the extent necessary to permit Lenders to exercise, upon the occurrence and during the continuation of any Event of Default, upon three (3) business days written notice to Borrowers' counsel and the U.S. Trustee, all rights and remedies provided for in this Interim DIP Order, the Loan Documents or applicable law, including, without limitation, taking one or more of the following actions, at the same or different times:

   (a)    reduce the amount of any outstanding Revolving Loan Commitment or suspend or terminate any outstanding Revolving Loan Commitment;

*VG1 75940v3 03/23/11*                                    6

1        (b)    charge the Default Interest on the Postpetition Financing;

2        (c)    declare all or any portion of the Obligations, including all or any portion of any Loan, to be forthwith due and payable, all without presentment, demand, protest or further notice of any kind, all of which are expressly waived by Borrowers; and

      (d)    exercise any rights and remedies under the Loan Documents and applicable law, including all remedies provided under the Bankruptcy Code, available to the Lenders. The rights and remedies of the Lenders specified in this Interim DIP Order are cumulative and not exclusive of any rights or remedies that the Lenders may have under the Loan Documents or otherwise.

**F.    Miscellaneous Provisions.**

9.    The provisions of this Interim DIP Order shall be binding upon and inure to the benefit of Lenders, Borrowers, and their respective successors and assigns. The provisions of this Interim DIP Order and any actions taken pursuant thereto (a) shall survive the entry of any order: (i) confirming any plan of reorganization in any of these Chapter 11 Cases that is not a Lender Approved Reorganization Plan; (ii) converting any of the Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code; or (iii) dismissing any of the Chapter 11 Cases; and (b) shall continue in full force and effect notwithstanding the entry of any such order until all of the Obligations are indefeasibly paid in full and discharged in accordance with the terms of this Interim DIP Order and the Modified DIP Credit Agreement.

10.    Borrowers are hereby authorized, without further order of this Court, to enter into agreements with Lenders providing for (a) non-material modifications to the Modified DIP Credit Agreement, or (b) any other modifications to the Modified DIP Credit Agreement necessary to conform the Modified DIP Credit Agreement to this Interim DIP Order.

11.    To the extent applicable, this Interim DIP Order is not subject to the 14-day stay provision of Bankruptcy Rule 4001(a)(3).

**G.    Continuing Effect of the Emergency Cash Collateral Order and Certain Other Orders.**

12.    This Order shall not alter or amend the terms of the existing orders approving and authorizing the use of cash collateral of various Prepetition Lenders, as entered by the Court.

**H.     Notice and Final Hearing.**

13.     <u>Service of Notice</u>.  Debtors shall cause a copy of this Interim DIP Order to be served along with a Notice of the Final Hearing within three (3) business days of its entry, by electronic mail, U.S. mail or the Court's ECF noticing to:  (a) Lenders:  Silver Phoenix, LLC, 12111 La Carta Court, Las Vegas, Nevada  89138, Attn: David Crockett, and Ruby Capital Investments, LLC, 12111 La Carta Court, Las Vegas, Nevada  89138, Attn: Ezra K. Nilson; (b) the Office of the United States Trustee for the District of Nevada, Attn: J. Michal Bloom; (c) counsel for any statutory committee appointed in this case, and if no such committee was appointed, then to Debtors' known twenty largest unsecured creditors; (d) all other secured creditors, and all other parties requesting notice pursuant to Bankruptcy Rule 2002 (hereinafter, collectively, the "<u>Notice Parties</u>").

14.     <u>Final Hearing</u>.  A hearing to consider entry of an order granting the relief set forth in this Interim DIP Order on a final basis (the "<u>Final Order</u>") shall be held on April 20, 2011, at 9:30 a.m. (the "<u>Final Hearing</u>") in Courtroom 3 in the Foley Federal Building, Third Floor, 300 Las Vegas Boulevard South, Las Vegas, Nevada 89101; with any objections (the "<u>Objections</u>") to entry of a Final Order due to be timely filed electronically with the Court and served on the Notice Parties and Debtors' counsel: Fox Rothschild, LLP, 3800 Howard Hughes Parkway, Suite 500, Las Vegas, Nevada 89169, Attn: Brett A. Axelrod, Esq. (collectively, the "<u>Objection Notice Parties</u>") (with a courtesy copy delivered directly to the Chambers of the Honorable Bruce A. Markell) so as to be actually received no later than April 13, 2011.  Replies to timely-filed Objections, if any, shall be filed with the Bankruptcy Court electronically and served so that they are received no later than April 19, 2011, at 12:00 p.m. (with a courtesy copy delivered directly to the Chambers of the Honorable Bruce A. Markell) by the Objection Notice Parties and the objecting party, so as to be actually received by such filing deadline.  If no timely Objections are filed, this Interim DIP Order may be deemed the Final Order upon the expiration of the filing deadline for such Objections, as set forth above in this paragraph 14, at the Final Hearing.

15.     <u>Statement of Amount Drawn</u>.  On April 8, 2011, Debtors shall file and serve on the Notice Parties a statement ("<u>Statement of Amount Drawn</u>") setting forth the amount of the Initial Loan actually advanced and paid to Debtors as of that date and, on April 19, 2011, Debtors shall file an

///

*VG1 75940v3 03/23/11*                                          8

updated Statement of Amount Drawn setting forth the amount of the Initial Loan actually advanced and paid to Debtors as of April 19, 2011.

DATED:    March 23, 2011.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By    *s/ Anne M. Loraditch*
    HAL L. BAUME, ESQ.
    *Admitted Pro Hac Vice*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    ANNE M. LORADITCH, ESQ.
    Nevada Bar No. 8164
    3800 Howard Hughes Parkway, Suite 500
    Las Vegas, Nevada 89169

*Counsel for Debtors*

| | | |
|---|---|---|
| 1 | **APPROVED**/~~DISAPPROVED~~: | **APPROVED**/~~DISAPPROVED~~: |
| 2 | **SNELL & WILMER, LLP** | **SANTORO, DRIGGS, KEARNEY, WALCH HOLLEY & THOMPSON** |
| 3 | By      *s/ Claire Dossier* | |
| 4 | Claire Dossier, Esq.<br>3883 Howard Hughes Parkway | By      *s/ Richard F. Holley*<br>Richard F. Holley, Esq. |
| 5 | Suite 1100<br>Las Vegas, Nevada 89169 | 300 South Fourth Street, Third Floor<br>Las Vegas, Nevada 89101 |
| 6 | *Counsel for Wells Fargo Bank, N.A.* | *Counsel for Bank of America, N.A., as successor-in-interest for First Republic Bank* |

**APPROVED**/~~DISAPPROVED~~:

**DUANE MORRIS, LLP**

By      *s/ Phillip Wang*

Phillip Wang, Esq.
One Market Plaza, Spear Tower
Suite 2200
San Francisco, California 94105

*Counsel for German American Capital Corporation, GSMS 2004-GG2 Sparks Industrial, LLC, and JPMCC 2006-CIBC14 Simmons Street, LLC*

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that:

☐  The Court has waived the requirement set forth in LR 9021(b)(1).

☐  No party appeared at the hearing or filed an objection to the motion.

☒  I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

| | |
|---|---|
| CLAIRE DOSSIER, ESQ.<br>COUNSEL FOR WELLS FARGO BANK, N.A. | Approved |
| RICHARD F. HOLLEY, ESQ.<br>COUNSEL FOR BANK OF AMERICA, N.A., SUCCESSOR-IN-INTEREST TO FIRST REPUBLIC BANK | Approved |
| PHILLIP WANG, ESQ.<br>COUNSEL FOR GERMAN AMERICAN CAPITAL CORPORATION, GSMS 2004-GG2 SPARKS INDUSTRIAL, LLC, AND JPMCC 2006-CIBC14 SIMMONS STREET, LLC | Approved |

☐  I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

### #

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)