1  NILE LEATHAM, ESQ.
   Nevada Bar No. 002838
2  JOSEPH G. WENT, ESQ.
   Nevada Bar No. 009220
3  **KOLESAR & LEATHAM, CHTD.**
   400 S. Rampart, Suite 400
4  Las Vegas, Nevada 89145
   Telephone: (702) 362-7800
5  Facsimile: (702) 362-9472
   E-Mail: nleatham@klnevada.com
6          jwent@klnevada.com

7  Attorneys for Creditor
   **BANK OF LAS VEGAS**

8
                 **UNITED STATES BANKRUPTCY COURT**
9
                       **DISTRICT OF NEVADA**
10
                              * * *
11
   IN RE:                              Case Nos. BK-S-10-32680-BAM and
12                                                BK-S-10-32857-BAM
   WHITTON CORPORATION, a Nevada
13 corporation                         Chapter 11

14 ☒ Affects this Debtor              Jointly Administered Under
   ☐ Affects all Debtors             BK-S-10-32680-BAM
15 ☐ Affects South Tech Simmons 3040C, LLC
                                      **DECLARATION OF DAVID**
16                                    **RENNICK IN SUPPORT OF**
                                      **MOTION TO APPROVE**
17                                    **STIPULATION FOR RELIEF FROM**
                                      **THE AUTOMATIC STAY**
18

19         I, **DAVID RENNICK**, do hereby declare:

20         1.     I am employed by secured creditor BANK OF LAS VEGAS, a Nevada

21 corporation and state-licensed banking institution ("BLV"), successor-in-interest by statutory

22 merger to BLACK MOUNTAIN COMMUNITY BANK, a Nevada corporation and state

23 licensed banking institution ("BMCB"), as Chief Credit Officer.

24         2.     I make this declaration in support of BLV's motion (the "Motion") to approve the

25 stipulation (the "Stipulation") for relief from the automatic stay entered into herein by and

26 between BLV and WHITTON CORP., the debtor in the above-captioned Chapter 11 proceeding

27 (the "Debtor").

28         3.     I have personal knowledge of all matters set forth in this Declaration, and if called

*(left margin vertical text)* KOLESAR & LEATHAM, CHTD.   400 S. Rampart, Suite 400   Las Vegas, Nevada 89145   Tel: (702) 362-7800 / Fax: (702) 362-9472

1    upon to testify, could and would competently testify thereto.

2        4.    I am a custodian of records concerning the account of the Debtor with BLV,

3    which records have been kept in the regular and ordinary course of BLV's business. The loan

4    documents that are the subject of this action were originated by BMCB. On or about February 1,

5    2010, BLV became the successor-in-interest to BMCB via a statutory merger. It is my

6    experience and I believe that the originals of the records prepared by BMCB, including the

7    documents attached to the Motion and this Declaration, were made at or near the time of the act,

8    event, condition, or opinion recited therein by or from information transmitted by a person with

9    knowledge, in the course of a regularly conducted activity of BMCB. I can state that the

10   originals of those records prepared by BLV, including the documents attached to the Motion,

11   Stipulation, or this Declaration, were made at or near the time of the act, event, condition, or

12   opinion recited therein by or from information transmitted by a person with knowledge, in the

13   course of a regularly conducted activity of the Bank.

14       5.    I have reviewed the records related to the loan documents that are the subject of

15   this Motion, including those records originated and/or prepared by BMCB and those records

16   originated and/or prepared by BLV.

17       6.    On or about December 7, 2005, South Tech-Rio, LLC, a Nevada limited liability

18   company ("South Tech-Rio") executed and delivered to BMCB a promissory note (the "Note")

19   in the original principal sum of $2,000,000.00. A true and correct copy of the Note is attached

20   hereto as **Exhibit 1** and incorporated herein by reference.

21       7.    The Note provided for an original maturity date of December 7, 2006. See

22   Exhibit 1.

23       8.    On or about December 7, 2006, South Tech Partners, LLC, a Nevada limited

24   liability company ("South Tech Partners") executed a Commercial Guaranty wherein it promised

25   to perform the obligations of South Tech-Rio under the terms of the Note, among other things.

26       9.    From time to time, South Tech-Rio and BMCB entered into change in terms

27   agreements in connection with the Note, wherein the maturity date as provided therein was

28   extended, among other things.

KOLESAR & LEATHAM, CHTD.
400 S. Rampart, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1    10.    On or about February 1, 2010, BLV became the successor-in-interest to BMCB

2    via a statutory merger.

3    11.    On or about April 26, 2010, to secure repayment of the Note, South Tech Partners

4    executed and delivered to BLV a Revolving Credit Deed of Trust, Security Agreement, and

5    Assignment of Rents (the "Deed of Trust") in connection with that certain real property

6    commonly known as 1300 W. Pioneer Blvd., Mesquite, Nevada, Clark County Assessor's Parcel

7    Number 002-13-701-012 (the "Property").

8    12.    The Property consists of 15.45 acres of vacant land in Mesquite, Nevada.

9    13.    The Deed of Trust was originally recorded on May 3, 2010, as Instrument

10    Number 201005030001232 in the Official Records of Clark County, Nevada, and re-recorded to

11    include the addendum to the deed of trust (the "Addendum") referenced therein on May 25, 2010

12    as Instrument Number 201005250001329 in the Official Records of Clark County.  A true and

13    correct copy of the Deed of Trust is attached hereto as **Exhibit 2** and incorporated herein by

14    reference.

15    14.    Pursuant to the Deed of Trust, South Tech Partners irrevocably granted to BLV all

16    of its right, title and interest, including all profits arising from and generated by the Property, as

17    more fully described therein.

18    15.    South Tech-Rio failed to make the payment due to BLV under the terms of the

19    Note in August 2010.

20    16.    Upon information and belief, on or about December 3, 2010, South Tech-Rio and

21    South Tech Partners were merged into Debtor.

22    17.    On or about December 5, 2010, the Debtor filed its petition for relief under

23    Chapter 11 of the bankruptcy code (the "Petition Date").

24    18.    As of December 5, 2010, the Debtor owed $2,017,931.97, representing the

25    outstanding principal balance of $1,975,000.00, plus accrued interest in the sum of $40,924.87,

26    and other related charges due and owing under the terms of the Note in the sum of $2,007.10.

27    19.    As of June 8, 2011, there exists an outstanding and delinquent principal balance

28    due under the terms of the Note of $1,975,000.00, accrued interest in the sum of $101,820.70,

KOLESAR & LEATHAM, CHTD.
400 S. Rampart, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

968580 (7418-55)                    Page 3 of 4

1    accruing interest at the rate of $329.17 *per diem*, and costs, fees and other charges in the sum of

2    $5,278.74, together with accruing interest and such other costs, fees, and other charges as they

3    are incurred.

4       I declare under penalty of perjury that the foregoing is true and correct.

5       EXECUTED this ___ day of June, 2011 in Las Vegas, Clark County, Nevada.

6

7

8    DAVID RENNICK

   CHIEF CREDIT OFFICER

   BANK OF LAS VEGAS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KOLESAR & LEATHAM, CHTD.
400 S. Rampart, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

968580 (7418-55)               Page 4 of 4

EXHIBIT 1

## PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|-----------|-----------|----------|---------|-------------|---------|---------|----------|
| $2,000,000.00 | 12-07-2005 | 12-07-2006 | 131130 | CCIE / 740 | | DSR | |

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** South Tech-Rio, LLC, a Nevada limited liability
company
5770 S Valley View Blvd
Las Vegas, NV 89118

**Lender:** Black Mountain Community Bank
1700 W. Horizon Ridge Parkway Ste 101
Henderson, NV 89012

Principal Amount: $2,000,000.00          Initial Rate: 8.750%          Date of Note: December 7, 2005

**PROMISE TO PAY.** South Tech-Rio, LLC, a Nevada limited liability company ("Borrower") promises to pay to Black Mountain Community Bank ("Lender"), or order, in lawful money of the United States of America, the principal amount of Two Million & 00/100 Dollars ($2,000,000.00) or so much as may be outstanding, together with interest on the unpaid outstanding principal balance of each advance. Interest shall be calculated from the date of each advance until repayment of each advance.

**PAYMENT.** Borrower will pay this loan in one payment of all outstanding principal plus all accrued unpaid interest on December 7, 2006. In addition, Borrower will pay regular monthly payments of all accrued unpaid interest due as of each payment date, beginning January 9, 2006, with all subsequent interest payments to be due on the same day of each month after that. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any unpaid collection costs; and then to any late charges. The annual interest rate for this Note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**VARIABLE INTEREST RATE.** The interest rate on this Note is subject to change from time to time based on changes in an independent index which is the Prime rate when published in the Western Edition of the Wall Street Journal (the "Index"). The Index is not necessarily the lowest rate charged by Lender on its loans. If the Index becomes unavailable during the term of this loan, Lender may designate a substitute index after notice to Borrower. Lender will tell Borrower the current Index rate upon Borrower's request. The interest rate change will not occur more often than each day as of the date the rate is published. Borrower understands that Lender may make loans based on other rates as well. The Index currently is 7.000% per annum. The interest rate to be applied to the unpaid principal balance of this Note will be at a rate of 1.750 percentage points over the Index, resulting in an initial rate of 8.750% per annum. Notwithstanding the foregoing, the variable interest rate or rates provided for in this Note will be subject to the following minimum and maximum rates. NOTICE: Under no circumstances will the interest rate on this Note be less than 7.000% per annum or more than the maximum rate allowed by applicable law.

**PREPAYMENT; MINIMUM INTEREST CHARGE.** Borrower agrees that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will be subject to refund upon early payment (whether voluntary or as a result of default, except as otherwise required by law). In any event, even upon full prepayment of this Note, Borrower understands that Lender is entitled to a minimum interest charge of $50.00. Other than Borrower's obligation to pay any minimum interest charge, Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments of accrued unpaid interest. Rather, early payments will reduce the principal balance due. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: Black Mountain Community Bank, 1700 W. Horizon Ridge Parkway Ste 101, Henderson, NV 89012.

**LATE CHARGE.** If a payment is 10 days or more late, Borrower will be charged 5.000% of the unpaid portion of the regularly scheduled payment or $25.00, whichever is greater.

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, Lender, at its option, may, if permitted under applicable law, increase the variable interest rate on this Note to 6.750 percentage points over the Index. The interest rate will not exceed the maximum rate permitted by applicable law.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**Default in Favor of Third Parties.** Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

**Environmental Default.** Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in any environmental agreement executed in connection with any loan.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Death or Insolvency.** The dissolution of Borrower (regardless of whether election to continue is made), any member withdraws from Borrower, or any other termination of Borrower's existence as a going business or the death of any member, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note. In the event of a death, Lender, at its option, may, but shall not be required to, permit the Guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Lender, and, in doing so, cure any Event of Default.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Cure Provisions.** If any default, other than a default in payment is curable and if Borrower has not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured if Borrower, after receiving written notice from Lender demanding cure of such default: (1) cures the default within ten (10) days; or (2) if the cure requires more than ten (10) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance on this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

**JURY WAIVER.** Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other.  (Initial Here _____ )

PROMISSORY NOTE
(Continued)

| Loan No: 131130 | | Page 2 |

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Nevada without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Nevada.

**CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Clark County, State of Nevada. (Initial Here _____ )

**DISHONORED ITEM FEE.** Borrower will pay a fee to Lender of $25.00 if Borrower makes a payment on Borrower's loan and the check or preauthorized charge with which Borrower pays is later dishonored.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

**LINE OF CREDIT.** This Note evidences a revolving line of credit. Advances under this Note may be requested only in writing by Borrower or as provided in this paragraph. All communications, instructions, or directions by telephone or otherwise to Lender are to be directed to Lender's office shown above. The following persons currently are authorized to request advances and authorize payments under the line of credit until Lender receives from Borrower, at Lender's address shown above, written notice of revocation of their authority: Tom E. Hallett, Manager of South Tech-Rio, LLC, a Nevada limited liability company; and Tonya Hallet. Borrower agrees to be liable for all sums either: (A) advanced in accordance with the instructions of an authorized person or (B) credited to any of Borrower's accounts with Lender. The unpaid principal balance owing on this Note at any time may be evidenced by endorsements on this Note or by Lender's internal records, including daily computer print-outs. Lender will have no obligation to advance funds under this Note if: (A) Borrower or any guarantor is in default under the terms of this Note or any agreement that Borrower or any guarantor has with Lender, including any agreement made in connection with the signing of this Note; (B) Borrower or any guarantor ceases doing business or is insolvent; (C) any guarantor seeks, claims or otherwise attempts to limit, modify or revoke such guarantor's guarantee of this Note or any other loan with Lender; or (D) Borrower has applied funds provided pursuant to this Note for purposes other than those authorized by Lender.

**ADDITIONAL PROVISIONS FOR FINANCIAL REPORTING.** Guarantor to provide: (i) Annual personal financial statement within 14 months of previous statement and; (ii) Annual personal federal income tax return including all K-1's within 30 days of filing. (Initial Here _____ ).

**ADDITIONAL PROVISION FOR FINANCIAL REPORTING.** Borrower to provide: (i) Annual business financial statements within 120 days of fiscal year end; (ii) Annual business federal income tax return within 30 days of filing and; (iii) Annual business federal income tax returns for all entities related to Borrower within 30 days of filing. (Initial Here _____ ).

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**GENERAL PROVISIONS.** Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail or realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS. BORROWER AGREES TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

SOUTH TECH-RIO, LLC, A NEVADA LIMITED LIABILITY COMPANY

By: _____
    Tom E. Hallett, Manager of South Tech-Rio, LLC, a
    Nevada limited liability company

LASER PRO Lending, Ver. 5.53.00.004  Copr. Harland Financial Solutions, Inc. 1997, 2008.  All Rights Reserved.  - NV  S:\FNL\LASER\CFI\LPL\D20.FC  TR-1000  PR-5

# EXHIBIT 2

Inst #: 201005250001329
Fees: $36.00
N/C Fee: $25.00
05/25/2010 09:37:09 AM
Receipt #: 363725
Requestor:
FIRST AMERICAN TITLE HOWARD
Recorded By: DXI  Pgs: 23
DEBBIE CONWAY
CLARK COUNTY RECORDER

**APN        002-13-701-012**

**Recording Requested by and Return To:**

Name:        **Bank of Las Vegas – Black Mtn Office**
Address:     **1700 W. Horizon Ridge Pkwy., Ste. 101**
             **Henderson NV  89012**

## Revolving Credit Deed of Trust
## Security Agreement and Assignment of Rents
### (Title on Document)

### Re-record to include attached
### Addendum to Revolving Credit Deed of Trust
### Security Agreement and Assignment of Rents

This page is added to provide additional information required by NRS 111.312 Sections 1-2
(Additional recording fee applies).

I the undersigned hereby affirm that this
document submitted for recording does
not contain a Social Security Number.

K. Abeldt, AVP

May 24, 2010

I the undersigned hereby affirm that this document submitted for recording does not contain any personal information.

Signature *K Abelat*

Title *AVP*

Date 04-26-2010
436503

Assessor Parcel No(s): 002-13-701-012

Inst #: 201005030001232
Fees: $33.00
N/C Fee: $25.00
05/03/2010 10:17:00 AM
Receipt #: 335125
Requestor:
FIRST AMERICAN TITLE HOWARD
Recorded By: MSH  Pgs: 20
DEBBIE CONWAY
CLARK COUNTY RECORDER

WHEN RECORDED MAIL TO:
Bank of Las Vegas, Black Mountain Office, 1700 W Horizon Ridge Pkwy Ste 101, Henderson. NV 89012

SEND TAX NOTICES TO:
South Tech Partners, LLC; 1999 Whitney Mesa, Ste. 120; Henderson, NV 89014

_____ FOR RECORDER'S USE ONLY

## REVOLVING CREDIT DEED OF TRUST

## SECURITY AGREEMENT AND ASSIGNMENT OF RENTS

THIS DEED OF TRUST is dated April 26, 2010, among South Tech Partners, LLC, a Nevada limited liability company, whose address is 1999 Whitney Mesa, Ste. 120, Henderson, NV 89014 ("Grantor"); Bank of Las Vegas, whose address is Black Mountain Office, 1700 W Horizon Ridge Pkwy Ste 101, Henderson, NV 89012 (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and First American Title Insurance Company, whose address is 2490 Paseo Verde Parkway, #100, Henderson, NV 89074 (referred to below as "Trustee").

CONVEYANCE AND GRANT. For valuable consideration, Grantor irrevocably grants, bargains, sells and conveys to Trustee with power of sale for the benefit of Lender as Beneficiary all of Grantor's right, title, and interest in and to the following described real property, together with

I the undersigned hereby affirm that this
document submitted for recording does not
contain any personal information.

Signature _K Abeldt_

Title _AVP_

Date _04-26-2010_

436503

Assessor Parcel No(s): 002-13-701-012

WHEN RECORDED MAIL TO:
Bank of Las Vegas, Black Mountain Office, 1700 W Horizon Ridge Pkwy Ste 101, Henderson, NV 89012

SEND TAX NOTICES TO:
South Tech Partners, LLC; 1999 Whitney Mesa, Ste. 120; Henderson, NV 89014

**FOR RECORDER'S USE ONLY**

## REVOLVING CREDIT DEED OF TRUST

## SECURITY AGREEMENT AND ASSIGNMENT OF RENTS

THIS DEED OF TRUST is dated April 26, 2010, among South Tech Partners, LLC, a Nevada limited liability company, whose address is 1999 Whitney Mesa, Ste. 120, Henderson, NV 89014 ("Grantor"); Bank of Las Vegas, whose address is Black Mountain Office, 1700 W Horizon Ridge Pkwy Ste 101, Henderson, NV 89012 (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and First American Title Insurance Company, whose address is 2490 Paseo Verde Parkway, #100, Henderson, NV 89074 (referred to below as "Trustee").

CONVEYANCE AND GRANT. For valuable consideration, Grantor irrevocably grants, bargains, sells and conveys to Trustee with power of sale for the benefit of Lender as Beneficiary all of Grantor's right, title, and interest in and to the following described real property, together with

**DEED OF TRUST**
**(Continued)**                                                    Page 2

all existing or subsequently erected or affixed buildings, improvements and fixtures; all
easements, rights of way, and appurtenances; all water, water rights and ditch rights (including
stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating
to the real property, including without limitation all minerals, oil, gas, geothermal and similar
matters, (the "Real Property") located in Clark County, State of Nevada:

   That portion of the North Half (N 1/2) of the Southeast quarter (SE 1/4) of Section 13,
   Township 13 South, Range 70 East, M.D.M., more particularly described as follows;

   Parcel Two(2) as shown by map thereof in file 109 of Parcel Maps, Page 97, in the office of
   the County Recorder of Clark County, Nevada.

The Real Property or its address is commonly known as 1300 W. Pioneer Blvd., Mesquite, NV
89027. The Real Property tax identification number is 002-13-701-012.

**CROSS-COLLATERALIZATION.** In addition to the Guaranty, this Deed of Trust secures all
obligations, debts and liabilities, plus interest thereon, of either Grantor or Borrower to Lender,
or any one or more of them, as well as all claims by Lender against Borrower and Grantor or
any one or more of them, whether now existing or hereafter arising, whether related or
unrelated to the purpose of the Note, whether voluntary or otherwise, whether due or not due,
direct or indirect, determined or undetermined, absolute or contingent, liquidated or
unliquidated, whether Borrower or Grantor may be liable individually or jointly with others,
whether obligated as guarantor, surety, accommodation party or otherwise, and whether
recovery upon such amounts may be or hereafter may become barred by any statute of
limitations, and whether the obligation to repay such amounts may be or hereafter may become
otherwise unenforceable.

**REVOLVING LINE OF CREDIT.** This Deed of Trust secures the Indebtedness including, without
limitation, a guaranty of a revolving line of credit, which obligates Lender to make advances to
Borrower so long as Borrower complies with all the terms of the Note. Such advances may be
made, repaid, and remade from time to time, subject to the limitation that the total outstanding
balance owing at any one time, not including finance charges on such balance at a fixed or
variable rate or sum as provided in the Note, any temporary overages, other charges, and any
amounts expended or advanced as provided in either the Indebtedness paragraph or this
paragraph, shall not exceed the Credit Limit as provided in the Note. It is the intention of
Grantor and Lender that this Deed of Trust secures the balance outstanding under the Note
from time to time from zero up to the Credit Limit as provided in the Note and any intermediate
balance.

Grantor presently, absolutely, and irrevocably assigns to Lender (also known as Beneficiary in
this Deed of Trust) all of Grantor's right, title, and interest in and to all present and future
leases of the Property and all Rents from the Property. In addition, Grantor grants to Lender a
Uniform Commercial Code security interest in the Personal Property.

THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY
INTEREST IN THE PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PERFORMANCE OF A
GUARANTY FROM GRANTOR TO LENDER, AND DOES NOT DIRECTLY SECURE THE
OBLIGATIONS DUE LENDER UNDER THE NOTE, (B) PAYMENT OF THE INDEBTEDNESS
INCLUDING FUTURE ADVANCES AND (C) PERFORMANCE OF ANY AND ALL OBLIGATIONS
UNDER THE NOTE, THE RELATED DOCUMENTS, AND THIS DEED OF TRUST. THIS DEED OF

# DEED OF TRUST
## (Continued)

TRUST IS GOVERNED IN PART BY NRS 106.300 TO 106.400 AND THEREFORE SECURES FUTURE ADVANCES MADE BY LENDER WHICH ARE EITHER OPTIONAL OR OBLIGATORY. THE MAXIMUM AMOUNT OF ADVANCES SECURED BY THIS DEED OF TRUST IS STATED BELOW UNDER THE DEFINITION OF NOTE, WHICH MAXIMUM MAY INCREASE OR DECREASE FROM TIME TO TIME BY AMENDMENT OF THE NOTE. THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

**GRANTOR'S REPRESENTATIONS AND WARRANTIES.** Grantor warrants that: (a) this Deed of Trust is executed at Borrower's request and not at the request of Lender; (b) Grantor has the full power, right, and authority to enter into this Deed of Trust and to hypothecate the Property; (c) the provisions of this Deed of Trust do not conflict with, or result in a default under any agreement or other instrument binding upon Grantor and do not result in a violation of any law, regulation, court decree or order applicable to Grantor; (d) Grantor has established adequate means of obtaining from Borrower on a continuing basis information about Borrower's financial condition; and (e) Lender has made no representation to Grantor about Borrower (including without limitation the creditworthiness of Borrower).

**GRANTOR'S WAIVERS.** This Deed of Trust secures a guaranty and does not directly secure the Indebtedness due Lender under the Note. Grantor waives any and all rights and defenses based on suretyship or impairment of collateral including, but not limited to, any rights or defenses arising by reason of (a) any "one-action" or "anti-deficiency" law, or any other law that may prevent Lender from bringing any action or claim for deficiency against Borrower, (b) any election of remedies by Lender which may limit Grantor's rights to proceed against any party indebted under the Note, or (c) any disability or defense of any party indebted under the Note, any other guarantor or any other person by reason of cessation of the Indebtedness due under the Note for any reason other than full payment of the Note.

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Deed of Trust, Grantor shall strictly perform all of Grantor's obligations under the Guaranty and under this Deed of Trust.

**STATUTORY COVENANTS.** The following Statutory Covenants are hereby adopted and made a part of this Deed of Trust: Covenants Nos. 1, 3, 4, 5, 6, 7, 8 and 9 of N.R.S. 107.030. For Covenant 4, upon default, including failure to pay upon final maturity, the interest rate on the Note shall be increased by adding a 6.000 percentage point margin ("Default Rate Margin"). The Default Rate Margin shall also apply to each succeeding interest rate change that would have applied had there been no default. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law. The percent of counsel fees under Covenant No. 7 shall be ten percent(10%). Except for Covenants Nos. 6, 7, and 8, to the extent any terms of this Deed of Trust are inconsistent with the Statutory Covenants the terms of this Deed of Trust shall control. Covenants 6, 7, and 8 shall control over the express terms of any inconsistent terms of this Deed of Trust.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.** Lender and Grantor agree that Borrower's and Grantor's possession and use of the Property shall be governed by the following provisions:

  **Possession and Use.** Until the occurrence of an Event of Default, Grantor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; and (3) collect the Rents from the Property.

# DEED OF TRUST
## (Continued)

**Duty to Maintain.** Grantor shall maintain the Property in tenantable condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

**Compliance With Environmental Laws.** Grantor represents and warrants to Lender that: (1) During the period of Grantor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property; (2) Grantor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing, (a) any breach or violation of any Environmental Laws, (b) any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or (c) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (3) Except as previously disclosed to and acknowledged by Lender in writing, (a) neither Grantor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws. Grantor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Grantor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Deed of Trust. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Grantor or to any other person. The representations and warranties contained herein are based on Grantor's due diligence in investigating the Property for Hazardous Substances. Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify, defend, and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Grantor's ownership or interest in the Property, whether or not the same was or should have been known to Grantor. The provisions of this section of the Deed of Trust, including the obligation to indemnify and defend, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

**Nuisance, Waste.** Grantor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the generality of the foregoing, Grantor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

**Removal of Improvements.** Grantor shall not demolish or remove any Improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any Improvements, Lender may require Grantor to make arrangements satisfactory to Lender to replace such Improvements with Improvements of at least equal value.

# DEED OF TRUST
## (Continued)

**Lender's Right to Enter.** Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Grantor's compliance with the terms and conditions of this Deed of Trust.

**Compliance with Governmental Requirements.** Grantor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property, including without limitation, the Americans With Disabilities Act. Grantor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Grantor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Grantor to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest.

**Duty to Protect.** Grantor agrees neither to abandon or leave unattended the Property. Grantor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**DUE ON SALE - CONSENT BY LENDER.** Lender may, at Lender's option, declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property or any mobile home or manufactured home located on the property whether or not it is legally a part of the real property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. If any Grantor is a corporation, partnership or limited liability company, transfer also includes any change in ownership of more than twenty-five percent (25%) of the voting stock, partnership interests or limited liability company interests, as the case may be, of such Grantor. However, this option shall not be exercised by Lender if such exercise is prohibited by federal law or by Nevada law.

**TAXES AND LIENS.** The following provisions relating to the taxes and liens on the Property are part of this Deed of Trust:

**Payment.** Grantor shall pay when due (and in all events prior to delinquency) all taxes, special taxes, assessments, charges (including water and sewer), fines and impositions levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Grantor shall maintain the Property free of all liens having priority over or equal to the interest of Lender under this Deed of Trust, except for the lien of taxes and assessments not due and except as otherwise provided in this Deed of Trust.

**Right to Contest.** Grantor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment,

# DEED OF TRUST
## (Continued)

Grantor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Grantor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Grantor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Grantor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Grantor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Grantor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account of the work, services, or materials and the cost exceeds $5,000.00. Grantor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Grantor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Deed of Trust.

**Maintenance of Insurance.** Grantor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all Improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender. Grantor shall also procure and maintain comprehensive general liability insurance in such coverage amounts as Lender may request with Trustee and Lender being named as additional insureds in such liability insurance policies. Additionally, Grantor shall maintain such other insurance, including but not limited to hazard, business interruption, and boiler insurance, as Lender may reasonably require. Policies shall be written in form, amounts, coverages and basis reasonably acceptable to Lender and issued by a company or companies reasonably acceptable to Lender. Grantor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least thirty (30) days prior written notice to Lender. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Grantor or any other person. Should the Real Property be located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area, Grantor agrees to obtain and maintain Federal Flood Insurance, if available, within 45 days after notice is given by Lender that the Property is located in a special flood hazard area, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**Application of Proceeds.** Grantor shall promptly notify Lender of any loss or damage to the

# DEED OF TRUST
## (Continued)

Property if the estimated cost of repair or replacement exceeds $5,000.00. Lender may make proof of loss if Grantor fails to do so within fifteen (15) days of the casualty. Whether or not Lender's security is impaired, Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If Lender elects to apply the proceeds to restoration and repair, Grantor shall repair or replace the damaged or destroyed improvements in a manner satisfactory to Lender. Lender shall, upon satisfactory proof of such expenditure, pay or reimburse Grantor from the proceeds for the reasonable cost of repair or restoration if Grantor is not in default under this Deed of Trust. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness. If Lender holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Grantor as Grantor's interests may appear.

**Grantor's Report on Insurance.** Upon request of Lender, however not more than once a year, Grantor shall furnish to Lender a report on each existing policy of insurance showing: (1) the name of the insurer; (2) the risks insured; (3) the amount of the policy; (4) the property insured, the then current replacement value of such property, and the manner of determining that value; and (5) the expiration date of the policy. Grantor shall, upon request of Lender, have an independent appraiser satisfactory to Lender determine the cash value replacement cost of the Property.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Property or if Grantor fails to comply with any provision of this Deed of Trust or any Related Documents, including but not limited to Grantor's failure to discharge or pay when due any amounts Grantor is required to discharge or pay under this Deed of Trust or any Related Documents, Lender on Grantor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Property and paying all costs for insuring, maintaining and preserving the Property. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Deed of Trust also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**WARRANTY; DEFENSE OF TITLE.** The following provisions relating to ownership of the Property are a part of this Deed of Trust:

**Title.** Grantor warrants that: (a) Grantor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Deed of Trust,

## DEED OF TRUST
### (Continued)

and  (b) Grantor has the full right, power, and authority to execute and deliver this Deed of Trust to Lender.

**Defense of Title.**  Subject to the exception in the paragraph above, Grantor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Grantor's title or the interest of Trustee or Lender under this Deed of Trust, Grantor shall defend the action at Grantor's expense. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Grantor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

**Compliance With Laws.**  Grantor warrants that the Property and Grantor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Representations and Warranties.**  All representations, warranties, and agreements made by Grantor in this Deed of Trust shall survive the execution and delivery of this Deed of Trust, shall be continuing in nature, and shall remain in full force and effect until such time as Borrower's Indebtedness shall be paid in full.

**CONDEMNATION.**  The following provisions relating to condemnation proceedings are a part of this Deed of Trust:

**Proceedings.**  If any proceeding in condemnation is filed, Grantor shall promptly notify Lender in writing, and Grantor shall promptly take such steps as may be necessary to defend the action and obtain the award.  Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Grantor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation.

**Application of Net Proceeds.**  If all or any part of the Property is condemned by eminent domain proceedings or by any proceeding or purchase in lieu of condemnation, Lender may at its election require that all or any portion of the net proceeds of the award be applied to the Indebtedness or the repair or restoration of the Property.  The net proceeds of the award shall mean the award after payment of all reasonable costs, expenses, and attorneys' fees incurred by Trustee or Lender in connection with the condemnation.  Grantor waives any legal or equitable interest in the net proceeds and any right to require any apportionment of the net proceeds of the award.  Grantor agrees that Lender is entitled to apply the award in accordance with this paragraph without demonstrating that its security has been impaired.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.**  The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust:

**Current Taxes, Fees and Charges.**  Upon request by Lender, Grantor shall execute such documents in addition to this Deed of Trust and take whatever other action is requested by Lender to perfect and continue Lender's lien on the Real Property. Grantor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording,

# DEED OF TRUST
## (Continued)

perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Deed of Trust.

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax upon this type of Deed of Trust or upon all or any part of the Indebtedness secured by this Deed of Trust; (2) a specific tax on Borrower which Borrower is authorized or required to deduct from payments on the Indebtedness secured by this type of Deed of Trust; (3) a tax on this type of Deed of Trust chargeable against the Lender or the holder of the Note; and (4) a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Borrower.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same effect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Grantor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust:

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Lender, Grantor shall take whatever action is requested by Lender to perfect and continue Lender's security interest in the Rents and Personal Property. In addition to recording this Deed of Trust in the real property records, Lender may, at any time and without further authorization from Grantor, file executed counterparts, copies or reproductions of this Deed of Trust as a financing statement. Grantor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Grantor shall not remove, sever or detach the Personal Property from the Property. Upon default, Grantor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Grantor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law.

**Addresses.** The mailing addresses of Grantor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Deed of Trust.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Deed of Trust:

**Further Assurances.** At any time, and from time to time, upon request of Lender, Grantor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further

# DEED OF TRUST
## (Continued)

assurance, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Borrower's and Grantor's obligations under the Note, this Deed of Trust, and the Related Documents, and (2) the liens and security interests created by this Deed of Trust as first and prior liens on the Property, whether now owned or hereafter acquired by Grantor. Unless prohibited by law or Lender agrees to the contrary in writing, Grantor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph.

**Attorney-in-Fact.** If Grantor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name of Grantor and at Grantor's expense. For such purposes, Grantor hereby irrevocably appoints Lender as Grantor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**EVENTS OF DEFAULT.** Each of the following, at Lender's option, shall constitute an Event of Default under this Deed of Trust:

**Payment Default.** Borrower fails to make any payment when due under the Note Indebtedness or Grantor fails to make any payment when due under the Indebtedness.

**Other Defaults.** Borrower or Grantor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Deed of Trust or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower or Grantor.

**Default Under the Guaranty.** Failure by Grantor to comply with any term, obligation, covenant or condition contained in the Guaranty.

**Compliance Default.** Failure to comply with any other term, obligation, covenant or condition contained in this Deed of Trust, the Note or in any of the Related Documents.

**Default on Other Payments.** Failure of Grantor within the time required by this Deed of Trust to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**Environmental Default.** Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in any environmental agreement executed in connection with the Property.

**Default in Favor of Third Parties.** Should Borrower or any Grantor default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's or any Grantor's property or Borrower's ability to repay the Indebtedness or Borrower's or Grantor's ability to perform their respective obligations under this Deed of Trust or any of the Related Documents.

**Default on Subordinate Indebtedness.** Default by Grantor under any subordinate obligation or instrument securing any subordinate obligation or commencement of any suit or other action to foreclose any subordinate lien on the Property.

# DEED OF TRUST
## (Continued)

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or Grantor or on Borrower's or Grantor's behalf under this Deed of Trust or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Defective Collateralization.** This Deed of Trust or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Death or Insolvency.** The dissolution of Grantor's (regardless of whether election to continue is made), any member withdraws from the limited liability company, or any other termination of Borrower's or Grantor's existence as a going business or the death of any member, the insolvency of Borrower or Grantor, the appointment of a receiver for any part of Borrower's or Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower or Grantor.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or Grantor or by any governmental agency against any property securing the Indebtedness. This includes a garnishment of any of Borrower's or Grantor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower or Grantor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower or Grantor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the Indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**Adverse Change.** A material adverse change occurs in Borrower's or Grantor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Right to Cure.** If any default, other than a default in payment is curable and if Grantor has not been given a notice of a breach of the same provision of this Deed of Trust within the preceding twelve (12) months, it may be cured if Grantor, after Lender sends written notice to Borrower demanding cure of such default: (1) cures the default within ten (10) days; or (2) if the cure requires more than ten (10) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**RIGHTS AND REMEDIES ON DEFAULT.** If an Event of Default occurs under this Deed of Trust, at any time thereafter, Trustee or Lender may exercise any one or more of the following rights and remedies:

# DEED OF TRUST
## (Continued)

**Election of Remedies.** Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Grantor under this Deed of Trust, after Grantor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Borrower or Grantor to declare the entire Indebtedness immediately due and payable, including any prepayment penalty which Borrower would be required to pay.

**Foreclosure.** With respect to all or any part of the Real Property, the Trustee shall have the right to foreclose by notice and sale, and Lender shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**UCC Remedies.** With respect to all or any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code.

**Collect Rents.** Lender shall have the right, without notice to Borrower or Grantor to take possession of and manage the Property, and, whether or not Lender takes possession, collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender. If the Rents are collected by Lender, then Grantor irrevocably designates Lender as Grantor's attorney-in-fact to endorse instruments received in payment thereof in the name of Grantor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Tenancy at Sufferance.** If Grantor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Borrower or Grantor, Grantor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, or (2) vacate the Property immediately upon the demand of Lender.

**Other Remedies.** Trustee or Lender shall have any other right or remedy provided in this Deed of Trust or the Note or available at law or in equity.

**Notice of Sale.** Lender shall give Grantor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other

# DEED OF TRUST
## (Continued)

intended disposition of the Personal Property is to be made. Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition. Notices given by Lender or Trustee under the real property foreclosure proceedings shall be deemed reasonable. Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Sale of the Property.** To the extent permitted by applicable law, Borrower and Grantor hereby waives any and all rights to have the Property marshalled. In exercising its rights and remedies, the Trustee or Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property. The power of sale under this Deed of Trust shall not be exhausted by any one or more sales (or attempts to sell) as to all or any portion of the Real Property remaining unsold, but shall continue unimpaired until all of the Real Property has been sold by exercise of the power of sale and all Indebtedness has been paid in full.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law. Fees and expenses shall include attorneys' fees that Lender, Trustee, or both incur, if either or both are made parties to any action to enjoin foreclosure or to any legal proceeding that Grantor institutes. The fees and expenses are secured by this Deed of Trust and are recoverable from the Property.

**Rights of Trustee.** Trustee shall have all of the rights and duties of Lender as set forth in this section.

**POWERS AND OBLIGATIONS OF TRUSTEE.** The following provisions relating to the powers and obligations of Trustee are part of this Deed of Trust:

**Powers of Trustee.** In addition to all powers of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Lender and Grantor: (a) join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public; (b) join in granting any easement or creating any restriction on the Real Property; and (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Lender under this Deed of Trust.

# DEED OF TRUST
## (Continued)

**Obligations to Notify.** Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Grantor, Lender, or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**Trustee.** Trustee shall meet all qualifications required for Trustee under applicable law. In addition to the rights and remedies set forth above, with respect to all or any part of the Property, the Trustee shall have the right to foreclose by notice and sale, and Lender shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**Successor Trustee.** Lender, at Lender's option, may from time to time appoint a successor Trustee to any Trustee appointed under this Deed of Trust by an instrument executed and acknowledged by Lender and recorded in the office of the recorder of Clark County, State of Nevada. The successor trustee, without conveyance of the Property, shall succeed to all the title, power, and duties conferred upon the Trustee in this Deed of Trust and by applicable law. This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Deed of Trust:

**Amendments.** This Deed of Trust, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Deed of Trust. No alteration of or amendment to this Deed of Trust shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Annual Reports.** If the Property is used for purposes other than Grantor's residence, Grantor shall furnish to Lender, upon request, a certified statement of net operating income received from the Property during Grantor's previous fiscal year in such form and detail as Lender shall require. "Net operating income" shall mean all cash receipts from the Property less all cash expenditures made in connection with the operation of the Property.

**Caption Headings.** Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust.

**Merger.** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Governing Law.** This Deed of Trust will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Nevada without regard to its conflicts of law provisions. This Deed of Trust has been accepted by Lender in the State of Nevada.

**Choice of Venue.** If there is a lawsuit, Grantor agrees upon Lender's request to submit to the jurisdiction of the courts of Clark County, State of Nevada. (Initial Here _____ )

**Joint and Several Liability.** All obligations of Borrower and Grantor under this Deed of Trust shall be joint and several, and all references to Grantor shall mean each and every Grantor, and all references to Borrower shall mean each and every Borrower. This means that each Grantor signing below is responsible for all obligations in this Deed of Trust. Where any

# DEED OF TRUST
## (Continued)

one or more of the parties is a corporation, partnership, limited liability company or similar entity, it is not necessary for Lender to inquire into the powers of any of the officers, directors, partners, members, or other agents acting or purporting to act on the entity's behalf, and any obligations made or created in reliance upon the professed exercise of such powers shall be guaranteed under this Deed of Trust.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Deed of Trust unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Deed of Trust shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Deed of Trust. No prior waiver by Lender, nor any course of dealing between Lender and Grantor, shall constitute a waiver of any of Lender's rights or of any of Grantor's obligations as to any future transactions. Whenever the consent of Lender is required under this Deed of Trust, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Severability.** If a court of competent jurisdiction finds any provision of this Deed of Trust to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Deed of Trust. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Deed of Trust shall not affect the legality, validity or enforceability of any other provision of this Deed of Trust.

**Successors and Assigns.** Subject to any limitations stated in this Deed of Trust on transfer of Grantor's interest, this Deed of Trust shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Deed of Trust and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Deed of Trust or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Deed of Trust.

**Waive Jury.** All parties to this Deed of Trust hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by any party against any other party.

**Waiver of Homestead Exemption.** Grantor hereby releases and waives all rights and benefits of the homestead exemption laws of the State of Nevada as to all Indebtedness secured by this Deed of Trust.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Deed of Trust. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Deed of Trust shall

# DEED OF TRUST
## (Continued)

have the meanings attributed to such terms in the Uniform Commercial Code:

**Beneficiary.** The word "Beneficiary" means Bank of Las Vegas, and its successors and assigns.

**Borrower.** The word "Borrower" means South Tech-Rio, LLC and includes all co-signers and co-makers signing the Note and all their successors and assigns.

**Deed of Trust.** The words "Deed of Trust" mean this Deed of Trust among Grantor, Lender, and Trustee.

**Default.** The word "Default" means the Default set forth in this Deed of Trust in the section titled "Default".

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Deed of Trust in the events of default section of this Deed of Trust.

**Grantor.** The word "Grantor" means South Tech Partners, LLC.

**Guarantor.** The word "Guarantor" means any guarantor, surety, or accommodation party of any or all of the Indebtedness.

**Guaranty.** The word "Guaranty" means the guaranty from Grantor to Lender, including without limitation a guaranty of all or part of the Note.

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.** The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property.

**Indebtedness.** The word "Indebtedness" means all obligations of Grantor under the Guaranty, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the obligations under the Guaranty and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Trustee or Lender to enforce Grantor's obligations under this Deed of Trust, together with interest on

**DEED OF TRUST**
**(Continued)**

such amounts as provided in this Deed of Trust.

**Lender.** The word "Lender" means Bank of Las Vegas, its successors and assigns.

**Note.** The word "Note" means the Promissory Note dated December 7, 2005, in the original principal amount of $2,000,000.00 from Borrower to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the note or credit agreement. **NOTICE TO GRANTOR:   THE NOTE CONTAINS A VARIABLE INTEREST RATE.**

**Personal Property.** The words "Personal Property" mean all equipment, fixtures, mobile homes, manufactured homes or modular homes which have not been legally acceded to the real property in accordance with Nevada law, and other articles of personal property now or hereafter owned by Grantor, and now or hereafter attached or affixed to or used in the operation of the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

**Property.** The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.** The words "Real Property" mean the real property, interests and rights, as further described in this Deed of Trust.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.** The word "Rents" means all present and future rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property.

**Trustee.** The word "Trustee" means First American Title Insurance Company, whose address is 2490 Paseo Verde Parkway, #100, Henderson, NV 89074 and any substitute or successor trustees.

# DEED OF TRUST
## (Continued)

GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND GRANTOR AGREES TO ITS TERMS.

GRANTOR:

SOUTH TECH PARTNERS, LLC

By: _____
Tom E. Hallett, Manager of South Tech Partners, LLC

By: _____
Tonya E. Hallett, Manager of South Tech Partners, LLC

---

## LIMITED LIABILITY COMPANY ACKNOWLEDGMENT

STATE OF _NEVADA_____   )
                                   ) SS
COUNTY OF _CLARK_____   )

This instrument was acknowledged before me on _APRIL 29 2010_____ by Tom E. Hallett, Manager of South Tech Partners, LLC, as designated agent of South Tech Partners, LLC

_____
(Signature of notarial officer)

Robert S. Demartino
03-83367-1
8-16-11

Notary Public in and for State of _NEVADA_

(Seal, if any)

**DEED OF TRUST**
**(Continued)**

## LIMITED LIABILITY COMPANY ACKNOWLEDGMENT

STATE OF _Nevada_ )
)) SS
COUNTY OF _Clark_ )

This instrument was acknowledged before me on _April 29 2010_ by Tonya E. Hallett, Manager of South Tech Partners, LLC, as designated agent of South Tech Partners, LLC

[Seal with notary stamp: ROBERT S. DEMARTINO, Notary Public, State of Nevada, Appointment No. 03-83387-1, My Appt. Expires Aug 14, 2011]

_(Signature)_

_(Signature of notarial officer)_

(Seal, if any)    Robert S. Demartino
                  03-83387-1
                  8-14-11

Notary Public in and for State of _Nevada_

---

## REQUEST FOR FULL RECONVEYANCE
(To be used only when obligations have been paid in full)

To: _____, Trustee

The undersigned is the legal owner and holder of all indebtedness secured by this Deed of Trust. All sums secured by this Deed of Trust have been fully paid and satisfied. You are hereby directed, upon payment to you of any sums owing to you under the terms of this Deed of Trust or pursuant to any applicable statute, to cancel the Note secured by this Deed of Trust (which is delivered to you together with this Deed of Trust), and to reconvey, without warranty, to the parties designated by the terms of this Deed of Trust, the estate now held by you under this Deed of Trust. Please mail the reconveyance and Related Documents to:

Date: _____    Beneficiary: _____

By: _____

Its: _____

**DEED OF TRUST**
**(Continued)**

Page 20

LASER PRO Lending, Ver. 5.50.00.006 Copr. Harland Financial Solutions, Inc. 1997, 2010.
All Rights Reserved.  - NV  G:\HARLAND\CFI\LPL\G01.FC  TR-871  PR-22

## ADDENDUM TO REVOLVING CREDIT DEED OF TRUST SECURITY AGREEMENT AND ASSIGNMENT OF RENTS

This Addendum to Revolving Credit Deed of Trust Security Agreement and Assignment of Rents is made as of April 26, 2010 with respect to that certain Revolving Credit Deed of Trust Security Agreement and Assignment of Rents, of even date herewith (the "Deed of Trust"), made by SOUTH TECH PARTNERS, LLC, a Nevada limited liability company, as "Grantor," in favor of Bank of Las Vegas, as "Beneficiary." In consideration of the Beneficiary's extension of credit to the Borrower (defined in the Deed of Trust), as set forth in the Note (also defined in the Deed of Trust), Grantor represents and warrants as follows:

1. Grantor has a financial interest in Borrower, and will benefit from the extension of credit evidenced by the Note.

2. There is good, valuable and sufficient consideration for the Grantor's execution of the Deed of Trust in favor of the Beneficiary as security for the repayment of the Note.

3. Upon the occurrence of an Event of Default (defined in the Deed of Trust) with respect to the Deed of Trust and/or the Note, Beneficiary may exercise all remedies extended to Beneficiary under the terms of the Deed of Trust.

4. Except as specifically provided herein, the terms of the Deed of Trust remain in full force and effect.

Dated and effective as of the date first above written.

SOUTH TECH PARTNERS, LLC
a Nevada limited liability company

By: _____
    Tom E. Hallett, Manager of South Tech Partners, LLC

By: _____
    Tonya Ej Hallett, Manager of South Tech Partners, LLC

```
     #
                                          #
   ####    ### ###   ####    ## ##   #####
      #     #   #    #    #    ## #     #
      #     # # #    ######    #   #    #
      #     # # #    #         #   #    #
      #     # # #    #         #   #    #    #
      #      # #     #####    ### ###    ###
      #
  ####


Job : 258
Date: 6/27/2011
Time: 11:24:50 AM
```

1   NILE LEATHAM, ESQ.
    Nevada Bar No. 002838
2   JOSEPH G. WENT, ESQ.
    Nevada Bar No. 009220
3   KOLESAR & LEATHAM, CHTD.
    400 S. Rampart, Suite 400
4   Las Vegas, Nevada 89145
    Telephone: (702) 362-7800
5   Facsimile: (702) 362-9472
    E-Mail: nleatham@klnevada.com
6             jwent@klnevada.com

7   Attorneys for Creditor
    BANK OF LAS VEGAS

8

9                    UNITED STATES BANKRUPTCY COURT

10                          DISTRICT OF NEVADA

11                                 * * *

12  IN RE:                                  Case Nos. BK-S-10-32680-BAM and
                                                       BK-S-10-32857-BAM
13  WHITTON CORPORATION, a Nevada
    corporation                             Chapter 11

14  ☒ Affects this Debtor                   Jointly Administered Under
    ☐ Affects all Debtors                   BK-S-10-32680-BAM
15  ☐ Affects South Tech Simmons 3040C, LLC
                                            DECLARATION OF DAVID
16                                          RENNICK IN SUPPORT OF
                                            MOTION TO APPROVE
17                                          STIPULATION FOR RELIEF FROM
                                            THE AUTOMATIC STAY
18

19       I, DAVID RENNICK, do hereby declare:

20       1.    I am employed by secured creditor BANK OF LAS VEGAS, a Nevada

21  corporation and state-licensed banking institution ("BLV"), successor-in-interest by statutory

22  merger to BLACK MOUNTAIN COMMUNITY BANK, a Nevada corporation and state

23  licensed banking institution ("BMCB"), as Chief Credit Officer.

24       2.    I make this declaration in support of BLV's motion (the "Motion") to approve the

25  stipulation (the "Stipulation") for relief from the automatic stay entered into herein by and

26  between BLV and WHITTON CORP., the debtor in the above-captioned Chapter 11 proceeding

27  (the "Debtor").

28       3.    I have personal knowledge of all matters set forth in this Declaration, and if called

968580 (7418-55)                    Page 1 of 4

1  upon to testify, could and would competently testify thereto.

2      4.    I am a custodian of records concerning the account of the Debtor with BLV,
3  which records have been kept in the regular and ordinary course of BLV's business. The loan
4  documents that are the subject of this action were originated by BMCB. On or about February 1,
5  2010, BLV became the successor-in-interest to BMCB via a statutory merger. It is my
6  experience and I believe that the originals of the records prepared by BMCB, including the
7  documents attached to the Motion and this Declaration, were made at or near the time of the act,
8  event, condition, or opinion recited therein by or from information transmitted by a person with
9  knowledge, in the course of a regularly conducted activity of BMCB. I can state that the
10  originals of those records prepared by BLV, including the documents attached to the Motion,
11  Stipulation, or this Declaration, were made at or near the time of the act, event, condition, or
12  opinion recited therein by or from information transmitted by a person with knowledge, in the
13  course of a regularly conducted activity of the Bank.

14      5.    I have reviewed the records related to the loan documents that are the subject of
15  this Motion, including those records originated and/or prepared by BMCB and those records
16  originated and/or prepared by BLV.

17      6.    On or about December 7, 2005, South Tech-Rio, LLC, a Nevada limited liability
18  company ("South Tech-Rio") executed and delivered to BMCB a promissory note (the "Note")
19  in the original principal sum of $2,000,000.00. A true and correct copy of the Note is attached
20  hereto as **Exhibit 1** and incorporated herein by reference.

21      7.    The Note provided for an original maturity date of December 7, 2006. See
22  Exhibit 1.

23      8.    On or about December 7, 2006, South Tech Partners, LLC, a Nevada limited
24  liability company ("South Tech Partners") executed a Commercial Guaranty wherein it promised
25  to perform the obligations of South Tech-Rio under the terms of the Note, among other things.

26      9.    From time to time, South Tech-Rio and BMCB entered into change in terms
27  agreements in connection with the Note, wherein the maturity date as provided therein was
28  extended, among other things.

KOLESAR & LEATHAM, CHTD.
400 S. Rampart, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

968580 (7418-55)           Page 2 of 4

10.     On or about February 1, 2010, BLV became the successor-in-interest to BMCB via a statutory merger.

11.     On or about April 26, 2010, to secure repayment of the Note, South Tech Partners executed and delivered to BLV a Revolving Credit Deed of Trust, Security Agreement, and Assignment of Rents (the "Deed of Trust") in connection with that certain real property commonly known as 1300 W. Pioneer Blvd., Mesquite, Nevada, Clark County Assessor's Parcel Number 002-13-701-012 (the "Property").

12.     The Property consists of 15.45 acres of vacant land in Mesquite, Nevada.

13.     The Deed of Trust was originally recorded on May 3, 2010, as Instrument Number 201005030001232 in the Official Records of Clark County, Nevada, and re-recorded to include the addendum to the deed of trust (the "Addendum") referenced therein on May 25, 2010 as Instrument Number 201005250001329 in the Official Records of Clark County. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit 2** and incorporated herein by reference.

14.     Pursuant to the Deed of Trust, South Tech Partners irrevocably granted to BLV all of its right, title and interest, including all profits arising from and generated by the Property, as more fully described therein.

15.     South Tech-Rio failed to make the payment due to BLV under the terms of the Note in August 2010.

16.     Upon information and belief, on or about December 3, 2010, South Tech-Rio and South Tech Partners were merged into Debtor.

17.     On or about December 5, 2010, the Debtor filed its petition for relief under Chapter 11 of the bankruptcy code (the "Petition Date").

18.     As of December 5, 2010, the Debtor owed $2,017,931.97, representing the outstanding principal balance of $1,975,000.00, plus accrued interest in the sum of $40,924.87, and other related charges due and owing under the terms of the Note in the sum of $2,007.10.

19.     As of June 8, 2011, there exists an outstanding and delinquent principal balance due under the terms of the Note of $1,975,000.00, accrued interest in the sum of $101,820.70,

KOLESAR & LEATHAM, CHTD.
400 S. Rampart, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

968580 (7418-55)                         Page 3 of 4

1  accruing interest at the rate of $329.17 *per diem*, and costs, fees and other charges in the sum of

2  $5,278.74, together with accruing interest and such other costs, fees, and other charges as they

3  are incurred.

4      I declare under penalty of perjury that the foregoing is true and correct.

5      EXECUTED this ____ day of June, 2011 in Las Vegas, Clark County, Nevada.

6

7

8  DAVID RENNICK
   CHIEF CREDIT OFFICER
   BANK OF LAS VEGAS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KOLESAR & LEATHAM, CHTD.
400 S. Rampart, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

968580 (7418-55)                     Page 4 of 4