HAL L. BAUME, ESQ.
*Admitted Pro Hac Vice*
ANNE M. LORADITCH, ESQ.
Nevada Bar No. 8164
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: hbaume@foxrothschild.com
aloraditch@foxrothschild.com
*Counsel for South Tech Simmons 3040C, LLC*

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>WHITTON CORPORATION, a Nevada corporation, et. al.<br>　　　　　　　　　　　Debtors.<br><br>☐ Affects this Debtor<br>☐ Affects all Debtors<br>☒ Affects South Tech Simmons 3040C, LLC | Case Nos. BK-S-10-32857-BAM<br>and BK-S-10-32680-BAM<br><br>Jointly Administered Under<br>Case No. BK-S-10-32680-BAM<br><br>Chapter 11<br><br>Hearing Date:　October 7, 2011<br>Hearing Time:　9:30 a.m. |

**STIPULATION AND ORDER FOR SETTLEMENT
REGARDING MOTION OF JPMCC 2006-CIBC14 SIMMONS STREET, LLC,
FOR (I) RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(D)(2) AND (D)(1);
OR (II) IN THE ALTERNATIVE, (A) DETERMINATION THAT DEBTOR
IS SUBJECT TO SINGLE ASSET REAL ESTATE REQUIREMENTS OF 11 U.S.C.
§ 362(D)(3), AND (B) FOR RELIEF FROM STAY THEREUNDER, OR (III) IN THE
ALTERNATIVE, FOR ADEQUATE PROTECTION**

VG1 97184v1 08/26/11                                                                 1

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

1   Upon the consent of South Tech Simmons 3040C, LLC, a Nevada limited liability company
2   ("Debtor" or "Simmons"), a debtor and debtor in possession in the above-captioned chapter 11
3   bankruptcy cases (the "Chapter 11 Cases"), and First Memphis Company, LLC ("First Memphis"
4   together with Debtor, the "Parties"), by and through their undersigned counsel, the Parties do hereby
5   enter into this Stipulation and Order For Settlement ("Stipulation") setting forth the terms and
6   provisions of the settlement agreed upon by the parties on the following contested motions currently
7   pending before the Court:[1]

8      (a)   the Motion for (I) Relief from Stay Pursuant to 11 U.S.C. § 362(d)(2) and (d)(1), or (II)
9   in the Alternative, (A) Determination that Debtor is Subject to Single Asset Real Estate Requirements
10  of 11 U.S.C. § 362(d)(3) and (B) For Relief from Stay Thereunder or, (III) in the Alternative, For
11  Adequate Protection Pursuant to 11 U.S.C. § 363(e) [Docket No. 491] (the "Stay Relief Motion"), as
12  filed on May 4, 2011, by JPMCC 2006-CIBC14 Simmons Street, LLC ("JPMCC," together with First
13  Memphis, "Lender"), predecessor-in-interest to First Memphis with respect to the liens against Debtor's
14  real property located at 3040 Simmons Street, North Las Vegas, NV 89032, consisting of approximately
15  51,690 square feet of light industrial and warehouse space (the "Simmons Property"), and which is set
16  for hearing on October 7, 2011, at 9:30 am.

17     (b)   the Amended Omnibus Motion for Valuation of Real Property Collateral, Pursuant to 11
18  U.S.C. § 506(a) and Fed. Bankr. R. P. 3012, of German American Capital Corporation, Bank of
19  America, GSMS 2004-GG2 Sparks Industrial, LLC, JPMCC 2006-CIBC14 Simmons Street, LLC,
20  LSREF2 Nova Investments II, LLC and Wells Fargo Bank, N.A. [Docket No. 307] and related
21  pleadings (the "Valuation Motion"), as filed by Debtor and its affiliate Whitton Corporation
22  ("Whitton," together with Simmons, the "Debtors"), and which, with respect to the Simmons Property,
23  is set for hearing on October 7, 2011, at 9:30 a.m.;[2]

24

---

25  [1] Capitalized terms used, but not defined herein shall have the meanings ascribed to such terms in the Valuation Motion (defined herein).

26  [2] The real property collateral subject to the liens of the Lender is referred to as the Simmons
27  Property in the Valuation Motion. The hearing on the Valuation Motion scheduled for October 7, 2011, for purposes of this Stipulation, is with respect to the Simmons Property.

28

(c) Emergency Motion for Entry of an Interim and Final Order, (I) Authorizing Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Providing Adequate Protection, Pursuant to 11 U.S.C. §§ 361, 362, and 363; and (III) Scheduling a Final Hearing Pursuant to Fed. R. Bankr. R. 2002, 4001(b), 4001 (c), and 6004 [Docket No. 852] and related pleadings (the "<u>Cash Collateral Motion</u>," together with the Stay Relief Motion and Valuation Motion, the "<u>Pending Motions</u>"), filed by Debtor; and the Parties hereby agree as follows:

**IT IS HEREBY STIPULATED BY THE UNDERSIGNED PARTIES THAT**:

WHEREAS, on April 18, 2011, Debtors filed a Joint Chapter 11 Plan of Reorganization [Docket No. 414] (the "<u>Plan</u>"); and

WHEREAS, both the Stay Relief Motion and the Valuation Motion will be contested at the hearings on the Pending Motions; and

WHEREAS, Debtor no longer desires to retain the Simmons Property under the Plan and, accordingly, the Simmons Property is no longer necessary for an effective reorganization and in order to avoid incurring substantial administrative cost, as well as the risks and uncertainties of such litigation, the Parties have entered into this Stipulation, subject to approval of the Bankruptcy Court.

**NOW THEREFORE**, upon the entry of an order by the Bankruptcy Court approving this Stipulation and authorizing Debtor to enter this Stipulation and perform hereunder, it is hereby stipulated and agreed as follows:

1. <u>Recitals</u>. The recitals set forth above are included herein as if fully set forth herein.

2. <u>Definitions</u>. As used herein, the following terms have the following meanings:

"<u>Effective Date</u>" shall mean the date upon which an order by the Bankruptcy Court approving this Stipulation, becomes effective in accordance with the Bankruptcy Code and Bankruptcy Rules and the Parties consummate the transactions necessary to effectuate the Settlement outlined herein.

"<u>Settlement</u>" shall mean the terms, provisions and transactions set forth in this Stipulation.

3. <u>Stay Relief</u>. On the Effective Date, the automatic stay will be vacated to permit First Memphis to exercise all of its rights and remedies under applicable nonbankruptcy law, with respect to

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

the Simmons Property, including, without limitation, completion of foreclosure proceedings on the Simmons Property. Without limiting the generality of the foregoing, upon request of First Memphis and at its sole cost and expense, Debtor shall execute and deliver to First Memphis a deed in lieu of foreclosure in form reasonably satisfactory to Debtor and its counsel, provided that any costs and expenses incurred by Debtor with respect thereto will be paid by First Memphis.

4. <u>Abandonment</u>. On the Effective Date, all of the Debtor's right, title and interest in and to the Simmons Property shall be abandoned and Debtor shall thereafter have no rights, interests, claims or responsibilities with respect to the Simmons Property (hereinafter, the "<u>Abandonment</u>").

5. <u>Payment to Debtor</u>. On the Effective Date, First Memphis will pay Debtor the sum of $15,000 in immediately available funds.

6. <u>Leases and Tenant Files</u>. On the Effective Date, Debtor will turnover to First Memphis the leases and tenant files for the Simmons property, retaining copies for itself.

7. <u>Mutual Releases</u>. On the Effective Date:

a) First Memphis, on behalf of itself, its predecessors, successors and assigns, hereby releases unconditionally all claims and causes of action, known or unknown, fixed or contingent, which First Memphis has, had, or may have against Debtor at any time from the beginning of the world to the date of this Stipulation <u>solely</u> related to, arising out of, or in connection with the Simmons Property and the loan secured by the Simmons Property and any related claims.

b) Debtor, on behalf of itself, its predecessors, successors and assigns, hereby releases unconditionally all claims and causes of action, known or unknown, fixed or contingent, which Debtor has, had, or may have against First Memphis at any time from the beginning of the world to the date of this Stipulation <u>solely</u> related to, arising out of, or in connection with the Simmons Property and the loan secured by the Simmons Property and any related claims.

c) The releases set forth in the preceding paragraphs do not and shall not release the Parties from their respective obligations under this Stipulation.

///

VG1 97184v1 08/26/11                4

8. <u>Parties Cooperation</u>.

a) On and after the Effective Date, Debtor will not contest any actions First Memphis takes under applicable non bankruptcy law, including, without limitation, actions to foreclose on the Simmons Property, appoint (or reappoint) a rent receiver, collect the rents, and engage a real estate management company of its choice. Debtor will not contest any such actions, but, will not be required to take any actions to assist First Memphis in any way with respect to its exercise of its rights and remedies, except for the execution and delivery of a deed in lieu of foreclosure in accordance with this Stipulation.

b) On and after the Effective Date, First Memphis will not oppose or object to any actions Debtor may take in its bankruptcy case, including any motion Debtor may bring to dismiss the bankruptcy case, as long as such actions do not directly adversely affect First Memphis' rights, remedies and interests with respect to the Simmons Property and the Parties' performance pursuant to the terms and provisions of this Stipulation.

9. <u>Cash Collateral Use Pending Approval</u>. In the event that compliance with the Bankruptcy Code, the Bankruptcy Rules or orders of this Court will result in the Effective Date not occurring until sometime after September 1, 2011, First Memphis will consent to Debtor's continued use of cash collateral from August 31, 2011, through the Effective Date, pursuant to the terms of the existing cash collateral orders with respect to the Simmons Property and the budget attached to the Cash Collateral Motion so that the Simmons Property may continue to be operated and maintained until the Effective Date occurs. First Memphis agrees to enter an appropriate stipulation and order providing for same.

10. <u>Bankruptcy Court Approval</u>.

a) This Stipulation is subject to Bankruptcy Court approval and shall not take effect and shall not be binding on Debtor and First Memphis until a final order has been entered by the Bankruptcy Court in accordance with applicable provisions of the Bankruptcy Code approving this Stipulation and authorizing Debtor to perform in

accordance with this Stipulation (the "Approval Order"). In the event that the Approval Order is not entered then the Settlement shall be automatically null and void and of no force and effect, and the parties to this Stipulation shall be restored to their rights, interests and positions as existing before the entry into this Stipulation and the Settlement herein contained as if this Stipulation had not been entered or negotiated, in which the case the Pending Motions will be reinstated, hearings thereon will proceed as scheduled, and the Parties shall proceed with such litigation as they so choose, as if this Stipulation had never been entered.

   b) Upon the entry of the Approval Order, the terms and provisions of this Stipulation shall be deemed to be an order of this Bankruptcy Court and binding on Debtor, its bankruptcy estate, all creditors and parties in interest, including any trustee who may hereafter be appointed for Debtor in chapter 11 or chapter 7, and Debtor and First Memphis shall perform in accordance herewith.

11. <u>Effect of Dismissal or Conversion, or Appointment of a Chapter 11 trustee</u>.

   a) This Stipulation and the Approval Order shall be binding upon First Memphis, Debtor, and any trustee appointed in this case, whether under Chapter 11 or Chapter 7 in the event of a conversion of this case to a case under Chapter 7.

   b) The provisions of this Stipulation and Approval Order and any actions taken pursuant hereto shall survive entry of any order, which may be entered converting this Chapter 11 Case to a chapter 7 case or dismissing this Chapter 11 Case, and the terms and provisions of this Stipulation and Approval Order, shall continue in full force and effect notwithstanding the entry of any such order converting or dismissing this Chapter 11 Case.

12. <u>Resolution of Pending Motions</u>. Upon entry of the Approval Order, the Pending Motions shall each be marked as "settled" pursuant to, and subject to, this Stipulation and, at the request of the other Party, Debtor will withdraw its Valuation Motion and Cash Collateral Motion and First Memphis will withdraw its Stay Relief Motion at which time the hearing on the withdrawn motion(s) shall be vacated.

1 | DATED this 26th day of August, 2011.

2 | Prepared and respectfully submitted by:

3 | **FOX ROTHSCHILD LLP**

4 | By  */s/ Hal L. Baume*

5 |     HAL L. BAUME, ESQ.
*Admitted Pro Hac Vice*

6 | ANNE M. LORADITCH, ESQ.
Nevada Bar No. 8164

7 | 3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169

8 | *Counsel for South Tech Simmons 3040C, LLC*

10 | **APPROVED**/~~DISAPPROVED~~:

11 | **CALLISTER + ASSOCIATES, LLC**

12 | By  */s/ Matthew P. Pawlowski*

13 | BROOKE BOHLKE, ESQ.
Nevada Bar No. 9374

14 | MATTHEW P. PAWLOWSKI, ESQ.
Nevada Bar No. 9889

15 | 823 Las Vegas Boulevard South, 5th Floor
Las Vegas, Nevada 89101

16 | *Counsel for Secured Creditor First Memphis Company, LLC,*

17 | *Successor-in-Interest to JPMCC 2006-CIBC14 Simmons Street, LLC*

22 | **ORDER**

23 | It is so **ORDERED.**

24 | # # #

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)