HAL L. BAUME, ESQ.
*Admitted Pro Hac Vice*
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway,  Suite 500
Las Vegas, Nevada  89169
Telephone:  (702) 262-6899
Facsimile:  (702) 597-5503
Email: hbaume@foxrothschild.com
         baxelrod@foxrothschild.com
*Counsel for Debtors*

Electronically Filed on Sept. 8, 2011

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>WHITTON CORPORATION, a Nevada corporation,<br>                 Debtor.<br><br>☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects South Tech Simmons 3040C, LLC | Case Nos. BK-S-10-32857-BAM<br>and BK-S-10-32680-BAM<br><br>Jointly Administered Under<br>Case No. BK-S-10-32680-BAM<br><br>Chapter 11<br><br>**APPLICATION FOR ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FAMCO ADVISORY SERVICES, AS DEBTORS' INTEREST RATE EXPERT NUNC PRO TUNC**<br><br>**OST REQUESTED FOR**<br>Hearing Date:  September 26, 2011<br>Hearing Time:  9:30 a.m. |

     Whitton Corporation, a Nevada corporation ("Whitton"), and South Tech Simmons 3040C, LLC ("Simmons," together with Whitton, the "Debtors"), as debtors and debtors in possession in the above-referenced jointly administered chapter 11 bankruptcy cases (the "Chapter 11 Cases"), hereby file this application (the "Application") for the entry of an order substantially in the form attached hereto as Exhibit A, authorizing and approving the retention and employment of FamCo Advisory Services ("FamCo"), as Debtors' Interest Rate Expert effective as of August 24, 2011.

Such services will not be duplicative of any other professional employed or retained by Debtors. This Application is made and based upon sections 327, 328, 1107 and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Nevada (as amended, the "Local Rules"), the memorandum of points and authorities set forth herein, the Declaration of Kenneth B. Funsten (the "Funsten Declaration") and the Declaration of Tom E. Hallett (the "Hallett Declaration"), both filed contemporaneously herewith and in support hereof, the papers and pleadings on file in these Chapter 11 Cases, judicial notice of which is respectfully requested, and any argument of counsel entertained by the Court at the time of the hearing of the Application.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

1.      On December 5, 2010, Whitton commenced its bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On December 8, 2010, Simmons commenced its bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.      Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No trustee, examiner, or statutory committee has been appointed in these cases.

3.      No request has been made for the appointment of a trustee or examiner, and no official committees have been appointed in these Chapter 11 Cases.

4.      Debtors have determined that it is in the best interests of the estates to employ an interest rate expert for assistance in formulating and confirming Debtors' Chapter 11 Plan of Reorganization (the "Plan").  Additionally, Debtors may require an expert to testify regarding the interest rates in connection with the confirmation of Debtors' Plan.  Hallett Declaration, ¶ 3.  On August 24, 2011, Debtors duly selected FamCo to act as Debtors' interest rate expert.  Id.

5.    The factual background and events leading up to the filing of these Chapter 11 Cases are set forth at length in the Omnibus Declaration of Tom E. Hallett in Support of First Day Motions [Docket No. 36 in Case No. 10-32680 and Docket No. 23 in Case No. 10-32857].  For brevity, the facts set forth in the Omnibus Declarations have not been repeated herein; rather, such facts are incorporated herein in their entirety by this reference.

## II.

## JURISDICTION AND VENUE

6.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

7.    The statutory basis for relief sought herein arises from Bankruptcy Code Sections 327, 328, 1107 and 1108, Bankruptcy Rule 2014, and Local Rule 2014.

8.    Venue of these Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.

## RELIEF REQUESTED

9.    By this Application, Debtors request authorization, pursuant to Bankruptcy Code sections 327, 328, 1107 and 1108, and Bankruptcy Rule 2014, to employ FamCo as interest rate expert for Debtors.   In support of this Application, Debtors rely on the Funsten Declaration. Bankruptcy Code section 327(a) provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

10.    By this Application, Debtors respectfully request entry of an order authorizing and approving Debtors' retention and employment of FamCo as their interest rate expert in these Chapter 11 Cases, pursuant to Bankruptcy Code sections 327, 328, 1107 and 1108, Bankruptcy Rule 2014 and Local Rule 2014.

1

### IV.

2

### QUALIFICATIONS

3        11.      Debtors selected FamCo because of its excellent qualifications and its reasonable fee

4   structure.  Hallett Declaration, ¶ 4.

5        12.      FamCo professionals have over twenty years experience as a debt instrument analyst,

6   trader and portfolio manager.  FamCo professionals are well acquainted with the various methods of

7   valuing collateral and with setting appropriate interest rates given that collateral, the borrower's risk

8   and the terms of the loan being proposed. FamCo professionals have participated in numerous

9   corporate restructurings both in and out of court, and are often called upon by others for advice in

10  crisis management, in valuing complex, hard-to-price securities, in negotiating partnership or vendor

11  disputes and for various other analytical financial problems.  Funsten Declaration, ¶ 2.

12       13.      Accordingly, FamCo and the professionals it employs are well-qualified to

13  represent Debtors in the matters for which FamCo is proposed to be employed and retained.

14  Funsten Declaration, ¶ 3.

15       14.      Debtors and FamCo have executed a Chapter 11 Expert Agreement dated August 24,

16  2011 (the "Expert Agreement"), which is subject to Court approval and provides that FamCo will

17  serve as Debtors' interest rate expert.  A true and correct copy of the Expert Agreement is attached

18  to the Funsten Declaration as **Exhibit A**.  Funsten Declaration, ¶ 4.

19       15.      Debtors submit that their retention and employment of FamCo is in the best interests

20  of Debtors and their estates.  Hallett Declaration, ¶ 5.

21

### V.

22

### SERVICES TO BE RENDERED

23       16.      As more fully set forth in the Expert Agreement, Debtors propose to retain and

24  employ FamCo to provide interest rate expert services, including, but not limited to:

25          (a)      Reading Material, Surveys and Computing Financial Ratios.
             FamCo shall perform a review of appropriate documents, such as
26           court filings and appraisals of real property, and of Debtors'
             financial statistics in these Chapter 11 cases.  Via telephonic and
27           other means, FamCo will conduct surveys of market participants
             known to it in order to determine according to professional opinion
28

current market conditions for borrowers and lenders of property such as the Debtors;

(b) <u>Writing and Providing Report</u>. After reaching an opinion, using information and opinions gathered as to an appropriate rate of interest, and any other matters that appear as pertinent to FamCo regarding Confirmation of Debtors' Plan, Kenneth Funsten shall write and submit to Client a Report on an Appropriate Rate of Interest for Debtors' Plan (the "<u>Report</u>");

(c) <u>Appearing for Deposition(s)</u>. Subject to advance notice, Kenneth Funsten shall travel to Las Vegas, Nevada, and make himself available during the course of a day for a site visit and to have his deposition(s) taken by creditors' counsel(s);

(d) <u>Appearing for Confirmation Hearing</u>. Subject to advance notice, Kenneth Funsten shall travel to Las Vegas, Nevada, and make himself available during the course of a day for giving testimony at the Confirmation hearing of Debtors; and

(e) Other services, as may be agreed upon by and between Debtors and FamCo.

<u>See</u> Funsten Declaration, ¶ 5  and Exhibit A; <u>see also</u> Hallett Declaration, ¶ 6.

17.    In light of FamCo's expertise in all of the areas described above, Debtors believe that FamCo is well-qualified to perform these services and assist Debtors in these Chapter 11 Cases.  Hallett Declaration, ¶ 7.

18.    FamCo has stated its willingness to act as Debtors' interest rate expert in these Chapter 11 Cases and to render the necessary professional services to Debtors.    Funsten Declaration, ¶ 6.

## VI.

## <u>DISINTERESTEDNESS</u>

19.    FamCo has informed Debtors that, except with respect to its proposed representation of Debtors and as may be set forth herein and in the Funsten Declaration, FamCo:

(a) is not a creditor or insider of Debtors;

(b) does not hold or represent an interest adverse to Debtors;

(c) is a "disinterested person," as defined by section 101(14) and modified by section 1107(b) and used in section 328(c) of the Bankruptcy Code;

(d) does not represent any other creditor, party in interest, or entity in these Chapter 11 Cases; and

(e) has no connection with Debtors, their creditors, or other parties in interest in these Chapter 11 Cases, except as may be set forth in the Funsten Declaration.

Funsten Declaration, ¶ 7.

20. Additionally, FamCo does not have any connection with the United States Trustee or any persons employed in the office of the United States Trustee. Funsten Declaration, ¶ 8.

**VII.**

**PAYMENT OF FEES AND EXPENSES AND OTHER TERMS OF COMPENSATION**

21. Debtors seek to employ and retain FamCo as Debtors' interest rate expert at fees and costs consistent with those FamCo routinely charges in comparable engagements.

22. Debtors agree to pay FamCo's hourly rates in cash, plus expenses (as set forth below), with $15,000.00 to be paid initially, via federal bank wire, as a non-refundable advance for work to be performed (the "Retainer" or "Initial Retainer"), which will be applied to fees and costs, subject to the provisions of the Expert Agreement.

23. FamCo's professional expert services shall be comprised of four components: i) Reading material (court documents, appraisals, etc.) as delivered by Debtors to FamCo, performing research or surveys as to current market conditions, and forming an opinion as to the appropriate rate of interest for Debtors' Plan of Reorganization (the "Plan"); ii) Writing a report for the Court regarding §1111(b) or §1129 issues, including an "appropriate rate of interest" for this Plan's cramdown; iii) Traveling to Las Vegas for the purposes of having a deposition taken that will not exceed the course of a single day, and iv) Traveling to Las Vegas and giving testimony in federal court at Debtors' Confirmation hearing.

///

///

///

///

///

24.    Pursuant to the Expert Agreement, FamCo's fees for the four components are as follows:

| **Services Rendered** | **Rates** |
|---|---|
| Reading Material, Surveys and Computing Financial Ratios | Kenneth Funsten's hourly fee for this work is $425.00, billable in 15-minute increments |
| Writing and Providing Report | Kenneth Funsten's hourly fee for this work is $425.00, billable in 15-minute increments. Upon delivery of the Report, Client shall apply to the Bankruptcy court for authorization to pay and shall pay FamCo via federal bank wire any amount owed in excess of the Initial Retainer plus an additional retainer of $3,450, or some amount to be mutually determined given billings to that date and known deposition requirements (the "Additional Retainer"); |
| Appearing for Deposition(s) | Kenneth Funsten's hourly fee for this work is $425 for travel and $600 for deposition, including breaks, and time spent in direct preparation by Client's attorneys for such deposition, both billable in 15-minute increments. Upon completion of the deposition or scheduling of a Confirmation Hearing date (whichever occurs last) and if total fees and expenses of FamCo have exceeded $18,450, Client shall apply to the Bankruptcy court for authorization to pay and shall pay FamCo via federal bank wire any amount owed in excess of the Initial and Additional Retainer plus an additional retainer of $3,450, or some amount to be mutually determined given billings and expenses to that date and expectations of future service and expense requirements |
| Appearing for Confirmation Hearing | Kenneth Funsten's hourly fee for this work is $425 for working travel and $600 for time spent in court or in direct preparation by Client's attorneys for such testimony, both billable in 15-minute increments |

See Funsten Declaration, at ¶ 12 and Exhibit A.

25.     Pursuant to the Expert Agreement, FamCo can apply the Retainer and Additional Retainer to all reasonable out-of-pocket expenses of FamCo incurred in connection with services rendered including but not limited to out-of-town travel expenses.  Debtors agree to pay the reasonable cost of transportation, meals, lodging and all other costs of any necessary out-of-town travel by FamCo's personnel.  A schedule of "FamCo Advisory Services' 2011 Rates for Expense Reimbursements" is attached to the Expert Agreement, Funsten Declaration at ¶ 13.

26.     Mr. Funsten's hourly fee for travel pursuant to this Engagement is $425.00, during which he shall endeavor to spend available time working on the Engagement.  Funsten Declaration at ¶ 14 and Exhibit A.

27.     Fees incurred exceeding the Retainer(s) (if any) shall be billed periodically to Debtors.  Debtors agree, at the first opportunity provided it, to apply for court approval of FamCo's fees and expenses and to pay them.  Legal fees for pursuing application of FamCo's fees and costs will to be provided by Debtors or Debtors' counsel at Debtors' expense for FamCo and Kenneth Funsten.  Court appearances by Kenneth Funsten necessitated for fee requests or approval of such requests will be billed and are payable at usual rates for travel and court time.  Kenneth Funsten's hourly fee for court time, testimony, cross examination, deposition and/or direct preparation for any of these aforementioned is $600.00, billable in 15 minute increments.  Funsten Declaration at ¶ 15 and Exhibit A.

28.     No promises have been received by FamCo or any principal or employee thereof as to payment or compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Expert Agreement, which is subject to Court approval.  FamCo has no agreement with any other entity to share with such entity any compensation received by FamCo, other than among the members of FamCo.  Funsten Declaration, ¶ 16.

29.     In Debtors' business judgment, given the nature of the services to be provided by FamCo, the proposed compensation arrangement is both fair and reasonable.  Hallett Declaration, ¶ 12.

///

///

## VIII.

## NOTICE

30.    Notice of this Application has been provided to the Office of the U.S. Trustee, Debtors' secured creditors or their counsel, the top twenty unsecured creditors and those parties that have filed a request for special notice with the Court (collectively, the "Notice Parties").  Debtors respectfully submit that such notice is appropriate under the circumstances and that no other or further notice is necessary or required.

## IX.

## NO PREVIOUS REQUEST

31.    No previous request for the relief sought herein has been made to this Court or any other court.

## XX.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as Exhibit 1, (i) granting this Application; (ii) authorizing Debtors to retain and employ FamCo as Debtors' interest rate expert, effective as of August 24, 2011, on the terms and conditions set forth herein, in the Funsten Declaration and in the Expert Agreement attached thereto as Exhibit A; and (iii) granting such other and further relief as may be just and proper.

DATED this 8th day of September 2011.


**WHITTON CORPORATION,** a Nevada Corporation


By____/s/Tom E. Hallett_____
    TOM E. HALLETT, PRESIDENT

**SOUTH TECH SIMMONS 3040C, LLC,**
a Nevada limited liability company,


By____/s/Tom E. Hallett_____
    TOM E. HALLETT, SOLE MANAGER

1    Prepared and respectfully submitted by:

2    **FOX ROTHSCHILD LLP**

3    By___*/s/Brett Axelrod*_____

4       HAL L. BAUME, ESQ.
       *Admitted Pro Hac Vice*

5       BRETT A. AXELROD, ESQ.
       Nevada Bar No. 5859

6       3800 Howard Hughes Parkway, Suite 500
       Las Vegas, Nevada  89169

7    *Counsel for Debtors*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**PROPOSED FORM OF ORDER**

HAL L. BAUME, ESQ.
*Admitted Pro Hac Vice*
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway,  Suite 500
Las Vegas, Nevada  89169
Telephone:  (702) 262-6899
Facsimile:   (702) 597-5503
Email:  hbaume@foxrothschild.com
           baxelrod@foxrothschild.com
*Counsel for Debtors*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>WHITTON CORPORATION, a Nevada<br>corporation,<br><br>                           Debtor.<br><br>☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects South Tech Simmons 3040C, LLC | Case Nos. BK-S-10-32857-BAM<br>and BK-S-10-32680-BAM<br><br>Jointly Administered Under<br>Case No. BK-S-10-32680-BAM<br><br>Chapter 11<br><br>**ORDER AUTHORIZING THE<br>RETENTION AND EMPLOYMENT OF<br>FAMCO ADVISORY SERVICES, AS<br>DEBTORS' INTEREST RATE EXPERT<br>NUN PRO TUNC**<br><br>Hearing Date:    September 26, 2011<br>Hearing Time:  9:30 a.m. |

The Court having reviewed and considered the application dated September 8, 2011 (the "Application") of Whitton Corporation, a Nevada corporation ("Whitton"), and South Tech Simmons 3040C, LLC ("Simmons," together with Whitton, the "Debtors"), for entry of an order pursuant to sections 327, 328, 1107 and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Nevada (as amended, the "Local Rules"), authorizing and approving the retention and employment of FamCo Advisory Services ("FamCo"), as Debtors' Interest Rate Expert effective as of August 24, 2011; the Declaration of Kenneth B. Funsten in support of the Application (the "Funsten Declaration") and the Declaration of Tom E. Hallett in Support of the Application (the "Hallett Declaration");

And it appearing that this Court has jurisdiction over the Application, pursuant to 28 U.S.C. §§ 1334 and 1408, and that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

And the Court being satisfied that, except with respect to FamCo's proposed retention by Debtors and as may be set forth in the Application and in the Funsten Declaration, (i) FamCo represents or holds no interest adverse to Debtors, their estates, or their creditors; (ii) FamCo is a "disinterested person" within the meaning of Bankruptcy Code section 101(14) as modified by section 1107(b), and as used in Bankruptcy Code section 328(c); (iii) FamCo is eligible for employment as Debtors' interest rate expert; and (iv) the employment and retention of FamCo is necessary and in the best interests of Debtors, their estates and creditors;

And notice of the Application having been provided to the Office of the U.S. Trustee, Debtors' secured creditors or their counsel, the top twenty unsecured creditors and those parties that have filed a request for special notice with the Court prior to entry of this Order;

And it appearing that no other or further notice of the Application need be provided;

And good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED** that the Application is GRANTED in its entirety; and

**IT IS FURTHER ORDERED** that, pursuant to Bankruptcy Code sections 327, 328, 1107 and 1108, Bankruptcy Rule 2014 and Local Rule 2014, Debtors be, and they hereby are, authorized

and empowered to retain and employ FamCo as interest rate expert to Debtors, upon the terms and conditions set forth herein, in the Application and in the Expert Agreement attached as Exhibit A to the Funsten Declaration; and

IT IS FURTHER ORDERED that, FamCo will be paid hourly rates in cash, plus expenses (as defined in the Application), with $15,000.00 to be paid initially, via federal bank wire, as a non-refundable advance for work to be performed (the "Retainer" or "Initial Retainer"), which will be applied to fees and costs, subject to the provisions of the Expert Agreement., without further order of this Court; and

IT IS FURTHER ORDERED that, FamCo may apply the Retainer and Additional Retainer to all reasonable out-of-pocket expenses of FamCo incurred in connection with services rendered including but not limited to out-of-town travel expenses. Debtors is authorized to pay the reasonable cost of transportation, meals, lodging and all other costs of any necessary out-of-town travel by FamCo's personnel pursuant to the schedule of "FamCo Advisory Services' 2011 Rates for Expense Reimbursements" attached to the Funsten Declaration.

IT IS FURTHER ORDERED that, Mr. Funsten's hourly fee of $425.00 for travel is approved, during which time he shall endeavor to spend available time working on the Engagement.

IT IS FURTHER ORDERED that, fees incurred exceeding the Retainer(s) (if any) shall be billed periodically to Debtors and that Debtors shall apply for court approval to pay FamCo's fees and expenses. Legal fees for pursuing application of FamCo's fees and costs will to be provided by Debtors or Debtors' counsel at Debtors' expense for FamCo and Kenneth Funsten. Court appearances by Kenneth Funsten necessitated for fee requests or approval of such requests will be billed and are payable at usual rates for travel and court time. Kenneth Funsten's hourly fee for court time, testimony, cross examination, deposition and/or direct preparation for any of these aforementioned is approved at $600.00, billable in 15 minute increments; and

IT IS FURTHER ORDERED that, to the extent there is any inconsistency between the terms of the Application or this Order, the terms of this Order shall govern; and

1    **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to hear and determine

2    all matters arising from the implementation of this Order; and

3    **IT IS FURTHER ORDERED** that the terms and conditions of this Order shall be

4    immediately effective and enforceable upon its entry.

5

6    Prepared and respectfully submitted by:

7    **FOX ROTHSCHILD LLP**

8    By____*/s/Brett Axelrod*_____
        HAL L. BAUME, ESQ.
9       *Admitted Pro Hac Vice*
        BRETT A. AXELROD, ESQ.
10      Nevada Bar No. 5859
        3800 Howard Hughes Parkway, Suite 500
11      Las Vegas, Nevada  89169
12   *Counsel for Debtors*

13

14   <u>**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**</u>

15   In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

16   ☐   The Court has waived the requirement of approval in LR 9021(b)(1).

17   ☐   No party appeared at the hearing or filed an objection to the motion

18   ☐   I have delivered a copy of this proposed order to all counsel who
19       appeared at the hearing, any unrepresented parties who appeared at the
         hearing, and each has approved or disapproved the order, or failed to
20       respond, as indicated below:

21              [*]                              [INSERT, AS APPLICABLE]

22

23        _Approved / Disapproved_       _____

24

25   ☐   I certify that this is a case under Chapter 7 or 13, that I have served a
         copy of this order with the motion pursuant to LR 9014(g), and that no
26       party has objected to the form or content of the order.

27

28                              # # #