1    HAL L. BAUME, ESQ.
     *Admitted Pro Hac Vice*
2    ANNE M. LORADITCH, ESQ.
     Nevada Bar No. 8164
3    **FOX ROTHSCHILD LLP**
4    3800 Howard Hughes Parkway,  Suite 500
     Las Vegas, Nevada  89169
5    Telephone:  (702) 262-6899
     Facsimile:   (702) 597-5503
6    Email:  hbaume@foxrothschild.com
7            aloraditch@foxrothschild.com

8    *Counsel for Whitton Corporation*

Electronically Filed on October 4, 2011

9              **UNITED STATES BANKRUPTCY COURT**

10                    **DISTRICT OF NEVADA**

11   In re                                          Case Nos. BK-S-10-32857-BAM
                                                    and BK-S-10-32680-BAM
12   WHITTON CORPORATION, a Nevada
13   corporation, et. al.                           Jointly Administered Under
                              Debtors.              Case No. BK-S-10-32680-BAM
14
     ☒ Affects this Debtor                          Chapter 11
15   ☐ Affects all Debtors
     ☐ Affects South Tech Simmons 3040C, LLC
16                                                  **MOTION FOR ORDER TO APPROVE
17                                                  STIPULATION FOR SETTLEMENT
                                                    REGARDING MOTION OF GSMS 2004-
18                                                  GG2 SPARKS INDUSTRIAL, LLC, FOR
                                                    (I) RELIEF FROM THE AUTOMATIC
19                                                  STAY PURSUANT TO 11 U.S.C. §
                                                    362(D)(2) AND (D)(1), OR (II) IN THE
20                                                  ALTERNATIVE, (A) DETERMINATION
                                                    THAT DEBTOR IS SUBJECT TO SINGLE
21                                                  ASSET REAL ESTATE REQUIREMENTS
                                                    OF 11 U.S.C. § 362(D)(3) AND (B) FOR
22                                                  RELIEF FROM STAY THEREUNDER,
                                                    OR (III) IN THE ALTERNATIVE, FOR
23                                                  ADEQUATE PROTECTION PURSUANT
                                                    TO 11 U.S.C. 363(E), AND OTHER
24                                                  MATTERS**

25                                                  Hearing Date:    N/A
26                                                  Hearing Time:    N/A
27

28

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

Whitton Corporation, a Nevada limited corporation ("<u>Debtor</u>" or "<u>Whitton</u>"), a debtor and debtor in possession in the above-captioned chapter 11 bankruptcy cases (the "<u>Chapter 11 Cases</u>"), hereby submits this motion (the "<u>Motion</u>") for an order approving the Stipulation For Settlement Regarding Motion of GSMS 2004-GG2 Sparks Industrial, LLC, for (I) Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(2) and (d)(1), or (II) in the Alternative, (A) Determination that Debtor is Subject to Single Asset Real Estate Requirements of 11 U.S.C. § 362(d)(3) and (B) for Relief from Stay Thereunder, or (III) in the Alternative, for Adequate Protection, and Other Matters (the "<u>Stipulation</u>"), as entered into by and between Debtor and GSMS 2004-GG2 Sparks Industrial, LLC ("<u>GSMS</u>," together with Debtor, the "<u>Parties</u>").[1]  A copy of the Stipulation is attached hereto as **Exhibit 1**.  This Motion is made and based upon Rule 4001(d)(1) of the Federal Rules of Bankruptcy Procedures (the "<u>Bankruptcy Rules</u>") and Rule 4001(c) of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Nevada (the "<u>Local Rules</u>"), and is supported by the following Memorandum of Points and Authorities filed in support of this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### <u>RELIEF REQUESTED</u>

Debtor seeks an order from the Court approving the Stipulation.  In addition, Debtor respectfully requests that the Court enter an order approving the Stipulation without a hearing, as permitted under Bankruptcy Rule 4001(d)(2) and (d)(3) and Local Rule 4001(c)(2), if no objections are timely filed within the 14-day period following the filing and service of this Motion, the Stipulation and notice of same.

The Stipulation reflects the agreement between the Parties in settlement of the matters pending before the Court, currently set for hearing on October 7, 2011, at 9:30 a.m., including the:

> (i)  Motion for (I) Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(2) and (d)(1), or (II) in the Alternative, (A) Determination that Debtor is Subject to Single Asset Real Estate Requirements of 11 U.S.C. § 362(d)(3) and (B) for

---

[1]  Capitalized terms used, but not defined herein shall have the meanings ascribed to such terms in the Stipulation.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

Relief from Stay Thereunder, or (III) in the Alternative, for Adequate Protection Pursuant to 11 U.S.C. 363(e) [Docket no. 491] and related pleadings (the "Stay Relief Motion"); and

(ii) Debtors' Amended Omnibus Motion for Valuation of Real Property Collateral, Pursuant to 11 U.S.C. § 506(a) and Fed. Bankr. R. P. 3012, of German American Capital Corporation, Bank of America, GSMS 2004-GG2 Sparks Industrial, LLC, JPMCC 2006-CIBC14 Simmons Street, LLC, LSREF2 Nova Investments II, LLC and Wells Fargo Bank, N.A. [Docket No. 307] and related pleadings (the "Valuation Motion"), only with respect to Debtor's real property located at 1215 and 1275 Kleppe Lane and 1455 Deming Way, Sparks, Nevada, consisting of approximately 80,518 square feet of office, light industrial and warehouse space (the "GSMS Property").

A.      **Summary of Material Provisions of the Stipulation – Bankruptcy Rule 4001(d)(1)(B).**

Pursuant to Bankruptcy Rule 4001(d)(1)(B), the material provisions of the Stipulation can be summarized as follows:

(1)      Relief from the automatic stay.  Stipulation, 9:10-16; 11:13-28.

The Stipulation provides that GSMS shall not seek relief from, or modification of, the automatic stay unless and until the Plan is not confirmed or, if the Plan is confirmed, it is conclusively determined that the Effective Date cannot and will not occur.  The Stipulation also provides for a New Bankruptcy Case Stay Waiver that shall only come into existence upon the occurrence of the Effective Date of the Plan and shall not and does not in any way apply or have any effect in this Chapter 11 Case.

(2)      Agreement to vote and cooperate.  Stipulation 8:9-10:3.

The Stipulation provides for GSMS' cooperation and support of the Plan so long as it provides for the treatment of GSMS' claims as set forth in the Stipulation.

(3)      Treatment of GSMS Allowed Secured Claim under the Plan.  Stipulation, 10:4-12:21.

The Stipulation sets forth the terms and conditions under which GSMS' loan will be modified and restructured pursuant to the Plan; in particular, with a principal amount of $2,000,000 to accrue interest at a fixed annual rate of five percent (5%) for a period of seven (7) years from the Effective Date of the Plan payable in monthly installments of interest only and such restructured loan will be, or will continue to be, secured by a first position lien on the GSMS Property.  The Stipulation also provides, at GSMS' option in its sole and absolute discretion, that a subsidiary limited liability company of the Reorganized Debtor will be formed and created for the sole purpose of owning the GSMS Property and assuming GSMS' restructured loan.

(4)      Turnover as between GSMS and Reorganized Debtor. Stipulation, 12:22-13:4.

The Stipulation provides that on the Effective Date of the Plan (i) GSMS shall turnover to the Reorganized Debtor the Property Accrued/Incurred Costs and Expenses Fund; and (ii) any Cash Collateral remaining available for payment to GSMS under the Cash Collateral Order, after deduction and payment therefrom of the Property

Accrued/Incurred Costs and Expenses Fund, shall be turned over to GSMS. The Stipulation further provides that the Reorganized Debtor shall use the Property Accrued/Incurred Costs and Expenses Fund to pay (i) all Property Accrued Costs and Expenses, (ii) all Property Incurred Costs and Expenses, and (iii) any Real Estate Tax Obligations.

    (5)    Discharge. Stipulation, 13:5-8.

    The Stipulation provides that on the Effective Date, pursuant to the Plan and the Bankruptcy Code, all of GSMS' claims will be discharged and released. However, such release will not discharge or release the obligations of the Reorganized Debtor to GSMS under the Plan, the Stipulation or GSMS' loan as modified by the Stipulation and the Plan.

    (7)    Resolution of Motions. Stipulation, 13:13-25.

    On the date that an order of the Court approving the Stipulation becomes final, GSMS will withdraw or dismiss the Stay Relief Motion (subject to the terms of the Stipulation), and Debtor shall withdraw or dismiss the Valuation Motion (subject to the terms of the Stipulation).

    (8)    Court approval of the Stipulation and Plan required. Stipulation, 13:13-14:13.

    The Stipulation provides that the terms of the settlement among the Parties are subject to entry of a Final Order confirming the Plan, the occurrence of the Effective Date and commencement of the confirmation hearing by April 30, 2012. Additionally, the Stipulation provides that approval by the Court is required before the Stipulation shall take effect and become binding upon the Parties.

    (9)    Specific Performance. Stipulation 14:14-18.

    The Stipulation provides that any non-breaching Party under the Stipulation is entitled to specific performance and injunctive or other equitable relief as a remedy for any breach of the Stipulation by the other Party, as money damages would be an insufficient remedy.

    (10)    GSMS' Right to Credit Bid. Stipulation, 14:19-15:8.

    The Stipulation provides that, in the event of any sale of the GSMS Property pursuant to Bankruptcy Code section 363, a plan of reorganization or liquidation or by a chapter 7 trustee, GSMS shall have the unqualified right, in its sole discretion, to credit bid all or any portion of the outstanding indebtedness under the GSMS' loan. Notwithstanding the foregoing, GSMS' right to credit bid does not apply to the Plan and any transfer of the GSMS Property to the New GSMS Borrower, in the event GSMS exercises the SPE Option, does not constitute a "sale" for which GSMS' right to credit bid is applicable.

**B.**    **Summary of Material Provisions of the Stipulation – Bankruptcy Rule 4001(c)(1)(B).**

    Pursuant to Bankruptcy Rule 4001(d)(1)(B), the material provisions of the Stipulation that are of the type described in Bankruptcy Rule 4001(c)(1)(B) can summarized as follows:

///

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

(1)      Treatment of GSMS Allowed Secured Claim under the Plan. Stipulation, 10:4-12:21.

The Stipulation sets forth the terms and conditions under which GSMS' loan will be modified and restructured pursuant to the Plan; in particular, with a principal amount of $2,000,000 to accrue interest at a fixed annual rate of five percent (5%) for a period of seven (7) years from the Effective Date of the Plan payable in monthly installments of interest only and such restructured loan will be, or will continue to be, secured by a first position lien on the GSMS Property. The Stipulation also provides, at GSMS' option in its sole and absolute discretion, that a subsidiary limited liability company of the Reorganized Debtor will be formed and created for the sole purpose of owning the GSMS Property and assuming GSMS' restructured loan.

(2)      Relief from the automatic stay. Stipulation, 9:12-18; 11:21-12:8.

The Stipulation provides that GSMS shall not seek relief from, or modification of, the automatic stay unless and until the Plan is not confirmed or, if the Plan is confirmed, it is conclusively determined that the Effective Date cannot and will not occur. The Stipulation also provides for a New Bankruptcy Case Stay Waiver that shall only come into existence upon the occurrence of the Effective Date of the Plan and shall not and does not in any way apply or have any effect in this Chapter 11 Case.

(3)      Court approval of the Stipulation and Plan required. Stipulation, 13:13-14:13.

The Stipulation provides that the terms of the settlement among the Parties are subject to entry of a Final Order confirming the Plan, the occurrence of the Effective Date and commencement of the confirmation hearing by April 30, 2012. Additionally, the Stipulation provides that approval by the Court is required before the Stipulation shall take effect and become binding upon the Parties.

## II.

## LEGAL ARGUMENT

Debtor respectfully submits that the Court should grant this Motion and approve the Stipulation for the reasons that follow.

### A.    The Motion is Proper Pursuant to Bankruptcy Rule 4001(d)(1).

Bankruptcy Rule 4001(d)(1) provides that a motion for approval of an agreement to modify or terminate the stay provided for in Bankruptcy Code section 362 shall be accompanied by a copy of the agreement and a proposed form of order. Fed. R. Bankr. P. 4001(d)(1)(A)(iii). A copy of the Stipulation is attached hereto as **Exhibit 1**. A proposed form of order granting this Motion and approving the Stipulation is attached hereto as **Exhibit 2**. In addition, this Motion includes the concise statements required by Bankruptcy Rule 4001(d)(1)(B) and Local Rule 4001(c).

///

**B.    Approval of the Stipulation is Warranted to Conserve Resources.**

The Stay Relief Motion and the Valuation Motion would, if not for the Stipulation, be contested at the hearings on the Pending Motions. Stipulation, 3:6-8. In order to obtain dispositive rulings, the Parties would need to expend resources to compile, prepare and present evidence at the hearings. Therefore, in order to avoid incurring substantial administrative cost, as well as the risks and uncertainties of such litigation, the Parties entered into the Stipulation. Id., at lines 9-12. If approved by the Court, the Stipulation settles the Pending Motions, including the Stay Relief Motion, and the issues among the Parties with respect to the GSMS Property will be resolved. Accordingly, approval of the Stipulation is warranted.

### III.

### NOTICE

Pursuant to Bankruptcy Rules 4001(d)(1)(C) and (d)(2), Debtor will serve a copy of this Motion, together with a notice of the Motion (the "Notice") that sets forth the time period within which objections may be filed and served, on Debtor's largest 20 unsecured creditors, the office of the United States Trustee and all other parties who are entitled to such notice under the Bankruptcy Rules or that have requested special notice in this chapter 11 case. The Notice will notify parties that, pursuant to Bankruptcy Rule 4001(d)(2) and (d)(3), if no objection to this Motion is filed within the 14-day period following the mailing of such Notice, the Court may enter an order with respect to the Stipulation without conducting a hearing. The notice of the Motion will also notify parties that, pursuant to Local Rule 4001(c)(2), the Court may enter an order approving the Stipulation upon the filing of a declaration attesting that no objections have been timely filed.

### IV.

### CONCLUSION

WHEREFORE, for all of the foregoing reasons, Debtor respectfully submits that this Motion complies with applicable law and approval of the Stipulation is warranted. Accordingly, Debtor

///

///

///

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit 2**, (i) granting this Motion, and (ii) approving the Stipulation attached hereto as **Exhibit 1**.

DATED this 5th day of October, 2011.

**FOX ROTHSCHILD LLP**

By    */s/ Hal L. Baume*
      HAL L. BAUME, ESQ.
      *Admitted Pro Hac Vice*
      ANNE M. LORADITCH, ESQ.
      Nevada Bar No. 8164
      3800 Howard Hughes Parkway, Suite 500
      Las Vegas, Nevada 89169

      *Counsel for Whitton Corporation*

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

VG1 102273v1 10/05/11

7

# EXHIBIT 1

HAL L. BAUME, ESQ.
*Admitted Pro Hac Vice*
ANNE M. LORADITCH, ESQ.
Nevada Bar No. 8164
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: hbaume@foxrothschild.com
         aloraditch@foxrothschild.com

*Counsel for Whitton Corporation*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>WHITTON CORPORATION, a Nevada corporation, et. al.,<br>               Debtors.<br><br>☒ Affects this Debtor<br>☐ Affects all Debtors<br>☐ Affects South Tech Simmons 3040C, LLC | Case Nos. BK-S-10-32680-BAM and BK-S-10-32857-BAM<br><br>Jointly Administered under Case No. BK-S-10-32680-BAM<br><br>Chapter 11<br><br>**STIPULATION FOR SETTLEMENT REGARDING MOTION OF GSMS 2004-GG2 SPARKS INDUSTRIAL, LLC, FOR (I) RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D)(2) AND (D)(1), OR (II) IN THE ALTERNATIVE, (A) DETERMINATION THAT DEBTOR IS SUBJECT TO SINGLE ASSET REAL ESTATE REQUIREMENTS OF 11 U.S.C. § 362(D)(3) AND (B) FOR RELIEF FROM STAY THEREUNDER, OR (III) IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. 363(E), AND OTHER MATTERS** |

Upon the consent of Whitton Corporation ("<u>Whitton</u>" or "<u>Debtor</u>"), a debtor and debtor in possession in the above-captioned jointly administered chapter 11 cases and GSMS 2004-GG2 Sparks Industrial, LLC ("<u>GSMS</u>" or "<u>Lender</u>," together with Debtor, the "<u>Parties</u>" and individually,

a "Party"), by and through their undersigned counsel, Debtor and Lender hereby enter into this stipulation ("Stipulation"), setting forth the terms and provisions of the settlement agreed upon by the Parties on the following contested motions currently pending before the Court, pursuant to the Second Scheduling Order and Continued Hearing Dates and Deadlines Regarding Motions Pertaining to Debtors, GSMS 2004-GG2 Sparks Industrial, LLC and JPMCC 2006-CIBC14 Simmons Street, LLC, entered on August 12, 2011 [Docket No. 859]:

(i)     GSMS' Motion for (I) Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(2) and (d)(1), or (II) in the Alternative, (A) Determination that Debtor is Subject to Single Asset Real Estate Requirements of 11 U.S.C. § 362(d)(3) and (B) for Relief from Stay Thereunder, or (III) in the Alternative, for Adequate Protection Pursuant to 11 U.S.C. 363(e) [Docket no. 491] and related pleadings (the "GSMS Stay Relief Motion"), which is set for October 7, 2011, at 9:30 a.m.; and

(ii)     Debtors' Amended Omnibus Motion for Valuation of Real Property Collateral, Pursuant to 11 U.S.C. § 506(a) and Fed. Bankr. R. P. 3012, of German American Capital Corporation, Bank of America, GSMS 2004-GG2 Sparks Industrial, LLC, JPMCC 2006-CIBC14 Simmons Street, LLC, LSREF2 Nova Investments II, LLC and Wells Fargo Bank, N.A. [Docket No. 307] and related pleadings (the "Valuation Motion"), which, with respect to the property subject to lien of the Lender, is set for October 7, 2011, at 9:30 a.m.;[1]

and hereby agree as follows:

**IT IS HEREBY STIPULATED BY THE PARTIES THAT**:

WHEREAS, on December 5, 2010 ("Petition Date"), Whitton filed a voluntary petition with the Bankruptcy Court and, on December 8, 2010, Simmons (defined below) filed a voluntary petition with the Bankruptcy Court, initiating the chapter 11 bankruptcy cases and have continued in the possession of their assets and in the management of their businesses pursuant to Bankruptcy Code Sections 1107 and 1108

WHEREAS, on April 18, 2011, Debtor and its affiliate, South Tech Simmons 3040C, LLC ("Simmons") filed their Joint Chapter 11 Plan of Reorganization [Docket No. 414], which seeks to "cram down" the secured creditors' secured claims to the value of their respective secured interests in the Debtors' properties, modify same and pay same in deferred payments, pursuant to applicable

---

[1]     The real property collateral subject to the liens of the Lender are referred to as the Kleppe Property in the Valuation Motion.  The hearing on the Valuation Motion scheduled for October 7, 2011, was with respect to the Kleppe Property.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

provisions of title 11 of the United States Code (the "Bankruptcy Code"), thereby necessitating that the value of the respective collateral properties be fixed, either by agreement or by Court determination; and

WHEREAS, on March 23, 2011, Debtors filed the Valuation Motion; and

WHEREAS, on May 4, 2011, GSMS filed the GSMS Stay Relief Motion; and

WHEREAS, both the GSMS Stay Relief Motion and the Valuation Motion are contested and Debtor will likely face a contested confirmation hearing on the Plan that will seek to cram down the secured claims held by the Lender; and

WHEREAS, in order to avoid incurring substantial administrative cost, potential delay in confirming the Plan by virtue of such litigation, as well as the risks and uncertainties of such litigation, the parties hereto have entered into this Stipulation to settle all issues between them, subject to approval of the Court;

WHEREAS, Lender has no interest in the Simmons bankruptcy case and whether or not the Plan includes Simmons, or Simmons even remains in its bankruptcy proceeding, is of no interest or relevance to the Lender and will have no impact on this Stipulation;

NOW THEREFORE, upon the entry of an order by the Court approving this Stipulation and authorizing Debtor to enter this Stipulation and perform hereunder, it is hereby stipulated and agreed as follows:[2]

**1.** <u>**RECITALS.**</u> The recitals set forth above are included herein as if fully set forth herein.

**2.** <u>**DEFINITIONS.**</u> As used herein, the following terms have the following meanings:

"Cash Collateral" means Cash Collateral as defined in the Cash Collateral Order.

"Cash Collateral Order" shall mean the Final Order (I) Authorizing Debtor's Use of Cash Collateral, Pursuant to 11 U.S.C. Section 363; and (II) Providing Adequate Protection to GSMS

---

[2] Any capitalized terms used but not defined in this Stipulation shall have the meanings ascribed to such terms in the Plan (as defined in this Stipulation) and capitalized terms used but not immediately defined in this Stipulation shall have the meanings ascribed to them later in this Stipulation.

2004-GG2 Sparks Industrial, LLC, Pursuant to 11 U.S.C. Sections 361, 362, 363 and 364, entered by the Court on January 25, 2011, at Docket No. 156, as thereafter amended by Stipulation and Order For Continuing Relief Granted Under Final Order (I) Authorizing Debtor's Use Of Cash Collateral, Pursuant To 11 U.S.C. § 363; And (II) Providing Adequate Protection To GSMS 2004-GG2 Sparks Industrial, LLC, Pursuant To 11 U.S.C. §§ 361, 362, 363 And 364 entered on March 21, 2011 [Docket No. 295], as further amended by the Second Stipulation and Order for Continuing Relief Granted Under Final Order (I) Authorizing Debtor's Use of Cash Collateral, Pursuant To 11 U.S.C. Section 363; and (II) Providing Adequate Protection to GSMS 2004-GG2 Sparks Industrial, LLC, Pursuant to 11 U.S.C. Sections 361, 362, 363 and 364 entered on June 28, 2011 [Docket No. 733], as further amended by Third Stipulation and Order for Continuing Relief Granted Under Final Order (I) Authorizing Debtor's Use of Cash Collateral, Pursuant to 11 U.S.C. § 363; and (II) Providing Adequate Protection to GSMS 2004-GG2 Sparks Industrial, LLC, Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364 entered on August 9, 2011 [Docket No. 844].

"Chapter 11 Case" shall mean the chapter 11 bankruptcy case filed by Debtor.

"Chapter 11 Period" means that period of time commencing on the Petition Date and concluding on the Effective Date.

"Court" means the United States Bankruptcy Court for the District of Nevada, or such other court as may from time to time have jurisdiction over the Chapter 11 Case.

"Effective Date" shall mean the effective date of a confirmed Plan as that term is defined in the Plan.

"Final Order" means an order or judgment entered by the Court: (a) that has not been reversed, stayed, modified, amended, revoked, varied or set aside, and as to which (i) any right to appeal or seek certiorari, review, reargument, stay or rehearing has been waived, or (ii) the time to appeal or seek certiorari, review, reargument, stay or rehearing has expired and no appeal or petition for certiorari, review, reargument, stay or rehearing is pending; or (b) as to which an appeal has been taken or petition for certiorari, review, reargument, stay or rehearing has been filed, and (i) such appeal or petition for certiorari, review, reargument, stay or rehearing has been resolved by the highest court to which the order or judgment was appealed or from which certiorari, review,

reargument, stay or rehearing was sought, and (ii) the time to appeal further or seek certiorari, review, reargument, stay or rehearing has been waived or expired and no such further appeal or petition for certiorari, review, reargument, stay or rehearing is pending.

"General Unsecured Creditors" means the Holders of General Unsecured Claims.

"GSMS Allowed Claim" means, solely for purposes of this Stipulation and the Plan, the sum of $2,776,020.55  claimed by GSMS to be the minimum amount due as of the Petition Date with respect to the GSMS Loan as may be amended by further stipulation or order.

"GSMS Allowed Secured Claim" means, for purposes of this Stipulation and Plan, the sum of $2,000,000.

"GSMS Allowed Unsecured Deficiency Claim" means that sum equal to (i) the GSMS Allowed Claim, less (ii) the amount of the GSMS Allowed Secured Claim.

"GSMS Claims" means every claim of Lender that has been asserted or could have been asserted against the Debtor that have been filed, scheduled, or which could have been filed or asserted in the Chapter 11 Case or otherwise.

"GSMS Loan" means the loan made pursuant to the GSMS Note which is secured by (i) that certain Deed of Trust, Assignment of Rents and Security Agreement dated June 23, 2004, recorded with the Washoe County Recorder on June 23, 2004, as document number 3057978 which was thereafter assigned pursuant to an Assignment of Deed of Trust, Assignment of Rents and Security Agreement from Original Lender to Trust, which was recorded with the Washoe County Recorder on February 3, 2005, as document number 3165775, and thereafter assigned pursuant to Assignment of Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing and Assignment of Assignment of Leases and Rents from LaSalle Bank to U.S. Bank as trustee for the Trust, recorded with the Washoe County Recorder on April 18, 2008, as document number 3641436, and thereafter assigned pursuant to Assignment of Deed of Trust, Assignment of Rents and Security Agreement and Other Loan Documents from Trust to GSMS 2004-GG2 Sparks Industrial, LLC, recorded with the Washoe County Recorder on November 8, 2010, as document number 3951357; and (ii) that certain Assignment of Leases and Rents dated June 23, 2004, recorded with the Washoe County Recorder on June 23, 2004, as document number 3057979, which

VG1 102353v1 10/05/11

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

was assigned pursuant to Assignment of Assignment of Leases and Rents from Original Lender to Trust, recorded with the Washoe County Recorder on February 3, 2005, as document number 3165774, which was assigned pursuant to Assignment of Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing and Assignment of Assignment of Leases and Rents from LaSalle Bank to U.S. Bank as trustee for the Trust, recorded with the Washoe County Recorder on April 18, 2008, as document number 3641436, which was assigned pursuant to Assignment of Assignment of Leases and Rents from Trust to GSMS 2004-GG2 Sparks Industrial, LLC, recorded with the Washoe County Recorder on December 8, 2010, as document number 3951358, and all other related loan documents, as more fully described and set forth in the Final Order (I) Authorizing Debtor's Use of Cash Collateral, Pursuant to 11 U.S.C. § 363; and (II) Providing Adequate Protection to GSMS 2004-GG2 Sparks Industrial, LLC, Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364.

"GSMS Note" means the "Promissory Note (Kleppe Industrial Park)" dated June 23, 2004, payable to the order of Skymar Capital Corporation, as original lender, executed by Kleppe Industrial Park A, B, & E, LLC, as original borrower, which had an original principal amount of $2.9 million, together with an Allonge from Original Lender to LaSalle Bank, as trustee for the registered holders of GS Mortgage Securities Corporation II, Commercial Mortgage Pass-Through Certificates, Series 2004-GG2 ("Trust"), which was executed, an Allonge from LaSalle Bank to U.S. Bank, as trustee for the Trust, which was executed, and an Allonge dated November 29, 2010, from Trust to GSMS 2004-GG2 Sparks Industrial, LLC, which was executed.

"GSMS Property" means 1215 and 1275 Kleppe Lane and 1455 Deming Way, Sparks, Nevada, consisting of approximately 80,518 square feet of office, light industrial and warehouse space, together with all rents, security deposits, issues and profits derived therefrom, any related personal property (including machinery, furniture, fixtures, equipment, leases) and the rents, issues, profits and proceeds of the foregoing.

"Order Entry Date" means the date on which an order of this Court which enters, or "so orders," this Stipulation has become a Final Order.

///

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

"Plan" means the Joint Chapter 11 Plan of Reorganization filed by the Debtor and Simmons on April 18, 2011 [Docket No. 414] either in its present form or as the same may be altered, amended or modified from time to time pursuant to the Bankruptcy Code, or order of the Court, or otherwise (including, without limitation, as same will be modified as required by this Stipulation).

"Property Costs and Expenses" shall mean, with respect to the GSMS Property, all costs and expenses of any kind or nature incurred (whether paid or not paid), or accrued, during the Chapter 11 Period, which include, without limitation, all costs and expenses related to the operation, maintenance, protection and preservation of such GSMS Property (including, without limitation, unpaid or accrued Real Estate Taxes based on pro rating same as of the Effective Date for the tax period during which the Effective Date occurs. The following definitions are related to Property's Costs and Expenses and follow below for ease of reference:

"Property's Accrued Costs and Expenses" shall mean the Property's Costs and Expenses for any particular billing period in which the Effective Date occurs which are not yet payable or have not yet been billed, including, without limitation, Real Estate Taxes for the tax period in which the Effective Date occurs, the amount of which shall be determined by pro rating the estimated amount of same for the applicable period as of the Effective Date.

"Property's Accrued/Incurred Costs and Expenses Fund" shall mean with respect to the Property, a fund to be created from Cash Collateral in Debtor's possession on the Effective Date sufficient to fully pay and satisfy (i) any Property Accrued Costs and Expenses, (ii) any Property Incurred Costs and Expenses, and (iii) without limiting the generality of the foregoing, any Real Estate Tax Obligations.

"Property Incurred Costs and Expenses" shall mean any Property Costs and Expenses which have been incurred, but not yet paid by the Debtor as of the Effective Date.

"Real Estate Taxes" or "Real Estate Tax" shall mean, with respect to the GSMS Property, all taxes, assessments, general and special, ordinary as well as extraordinary, charges, levies and impositions or payments required to be made in lieu thereof, including, but not limited to, water and

sewer charges presently or hereinafter in effect, which are or may be made liens upon or against the GSMS Property.

"<u>Real Estate Tax Obligations</u>" shall mean, with respect to the GSMS Property, any real estate tax obligations which have accrued or become due and payable at any time which have not been paid as of the Effective Date.

"<u>Reorganized Debtor</u>" means the Debtor on and after the Effective Date.,

"<u>Settlement</u>" means the settlement agreement and related transactions as contained and contemplated in this Stipulation to be effectuated pursuant to the Plan.

3. **<u>Agreement To Vote And Cooperate.</u>** As long as (i) the Plan provides for treatment of the Lender's Claims as set forth in this Stipulation; (ii) Lender receives and has a reasonable opportunity to review a disclosure statement and other solicitation materials in respect of the Plan, which have been approved by the Court pursuant to Bankruptcy Code section 1125 and are reasonably acceptable/satisfactory to Lender (collectively, the "<u>Solicitation Materials</u>"); and (iii) the Lender is entitled under the Plan to vote to accept or reject the Plan with respect to either or both of its Claims, the Lender shall do the following:

(a) Lender shall timely vote the GSMS Allowed Secured Claim to accept the Plan with respect to the Class in which such Claim is placed under the Plan.

(b) Lender shall timely vote the GSMS Allowed Unsecured Deficiency Claim to accept the Plan with respect to the General Unsecured Creditors Class in which such Claim is placed under the Plan regardless of the treatment proposed for Claims in such class, even if the proposed treatment is zero distribution on account of such Claims.

(c) Lender shall not change, withdraw or revoke (or cause to be changed, withdrawn or revoked) any or all of such votes or any properly solicited votes to accept the Plan.

(d) Lender shall not vote any or all of its Allowed Claims to reject the Plan and shall in no way otherwise, directly or indirectly, support any restructuring, reorganization or liquidation of the Debtor (or any plan or proposal in respect of the same) that is inconsistent with the Plan.

///

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

(e)     Lender shall not directly or indirectly seek, solicit, support, formulate, prosecute or encourage any other plan, sale, proposal or offer of dissolution, winding up, liquidation, reorganization, merger or restructuring of the Debtor that could reasonably be expected to prevent, delay or impede proposed solicitation, confirmation or consummation of, the Plan.

(f)     Lender shall not take any other action that is inconsistent with, or that would oppose, delay or obstruct the proposed solicitation, confirmation or consummation of, the Plan.

(g)     Lender shall not seek the appointment of a trustee or examiner or to dismiss the Chapter 11 Case or to convert the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code.

(h)     Lender shall not seek relief from, or modification of, the automatic stay provided by Bankruptcy Code section 362 ("Automatic Stay") at any time prior to the later of (i) the conclusion of the hearing to confirm the Plan if the Plan is not confirmed, or (ii) if the Plan is confirmed, any date, if ever, upon which it is conclusively determined that the Effective Date can not and will not occur. If the Effective Date occurs, then Lender shall not seek relief from, or modification of, the Automatic Stay at any time thereafter. Upon the occurrence of the Order Entry Date, the Lender shall withdraw the GSMS Stay Relief Motion.

(i)     Lender shall not take any action that would reasonably be likely to result in any material delay or postponement of the confirmation or consummation of the Plan and implementation of the restructuring as contained therein.

(j)     Lender shall not take, or join in, any actions in the Chapter 11 Case which are or would be adverse to the Debtor and will not object to or oppose, or join in any objection or opposition to, any actions taken by the Debtor, that do not directly and adversely affect the GSMS Claims and/or GSMS Property, other than as set forth in this Stipulation.

(k)     Lender shall vote its Claims as set forth in this Stipulation regardless of the treatment provided under the Plan for the Claims of other Secured Lenders, or any other Creditors.

The foregoing prohibitions will not (1) prohibit Lender from taking or directing the taking of any action relating to the maintenance, protection and preservation of the GSMS Property; or (2) limit Lender's rights to continue to appear and participate as a party in interest in the Chapter 11

Case, so long as such appearance and the positions advocated in connection therewith are not materially inconsistent with this Stipulation and do not materially hinder, delay or prevent confirmation of the Plan.

      **4.**     **<u>Treatment of GSMS Allowed Secured Claim Under Plan.</u>** On the Effective Date, in full satisfaction, settlement, release and exchange for the GSMS Allowed Secured Claim, the Plan shall provide GSMS with the following treatment of the GSMS Allowed Secured Claim:

      (a)    <u>Restructured Loan</u>. The GSMS Loan will be modified and restructured under the terms set forth herein below ("<u>GSMS Restructured Loan</u>") to be secured by the GSMS Property.

      (b)    <u>Principal Amount</u>. The principal amount of the GSMS Restructured Loan will be $2,000,000 ("<u>Principal Amount</u>").

      (c)    <u>Interest Rate</u>. Interest rate will be fixed at five percent (5.0 %) per annum.

      (d)    <u>Maturity</u>. The GSMS Restructured Loan shall mature and become fully due and payable on that date which is seven (7) years (eighty-four (84) months) after the Effective Date .

      (e)    <u>Payments</u>. The Reorganized Debtor shall make eighty-three (83) monthly payments of interest only until Maturity at which time the Principal Amount together with any accrued but unpaid interest shall be fully due and payable. Monthly interest only payments shall commence one month after the Effective Date and shall continue on the same day of each month thereafter until Maturity.

      (f)    <u>Lien to Secure GSMS Restructured Loan</u>. To secure payment and performance of the GSMS Restructured Loan, Lender will receive (or continue to hold) a first position lien (subject to any liens senior by operation of law, such as, for example, Real Estate Tax liens, and any other senior liens permitted under the existing loan documents), on the GSMS Property to the same extent, and with the same priority that GSMS had prior to the bankruptcy filing (the "<u>GSMS Lien</u>").

      (g)    <u>Lender Option for Single Purpose Entity</u>. At the option of the Lender, in its sole and absolute discretion, (the "<u>SPE Option</u>") the following transactions shall take place on or as of the Effective Date:

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

(1)     a subsidiary limited liability company of, and wholly owned by, the Reorganized Debtor (" New GSMS Borrower") will be formed and created for the sole purpose of owning  the GSMS Property and assuming the GSMS Restructured Loan;

(2)     the GSMS Property shall be irrevocably and indefeasibly transferred and assigned (and the Debtor's title to the GSMS Property shall pass) to the New GSMS Borrower subject to and with such New GSMS Borrower assuming the borrower's obligations and becoming the borrower with respect to the GSMS Restructured Loan;

(3)     the transfer of the GSMS Property to the New GSMS Borrower shall be free and clear of all claims, liens and interests of Creditors and Interest Holders except for the GSMS Lien and any liens senior to the GSMS Lien by operation of law, such as, for example, Real Estate Tax liens, and any other senior liens permitted under the existing loan documents with respect to the GSMS Loan.

Lender shall exercise the SPE Option by notifying Debtor's counsel in writing of same on or before the deadline for filing objections to the Plan.

(h)     New Bankruptcy Case Stay Waiver. In the event that the New GSMS Borrower (if the SPE Option is exercised by Lender) or Reorganized Debtor (if Lender does not exercise the SPE Option) files a petition commencing a new chapter 11 case under the Bankruptcy Code ("New Bankruptcy Case"), then the New GSMS Borrower or Reorganized Debtor (as applicable depending on the SPE Option exercise) will waive the benefits of the automatic stay pursuant to Bankruptcy Code Section 362 which comes into effect upon the filing of such New Bankruptcy Case ("New Case Stay Waiver") and the New GSMS Borrower or Reorganized Debtor (as applicable depending on the SPE Option exercise) consents to, and shall not otherwise oppose or contest, the vacation or modification of the automatic stay to permit Lender to exercise its rights and remedies.  The New Case Stay Waiver shall only come into existence upon  the occurrence of the Effective Date and shall not and does not in any way apply or have any affect in this Chapter 11 Case.  Without limiting the generality of the foregoing, the New Case Stay Waiver shall not and does not constitute a waiver of the Automatic Stay in effect at any time in this Chapter 11 Case ("Existing Case Automatic Stay") and the Debtor and Lender each retain and reserve their respective rights with respect to the Existing Case Automatic Stay notwithstanding this paragraph providing for such New Case Stay Waiver.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

(i) <u>Reorganized Debtor Receipt of Property, Funds, Security Deposits, Tenant Records</u>.    On or before the Effective Date, the Reorganized Debtor shall receive or retain from the Cash Collateral, funds constituting the Property Accrued/Incurred Costs and Expenses Fund (in accordance with this Stipulation and the Plan).  The Reorganized Debtor shall use the Property Accrued/Incurred Costs and Expenses Fund to pay (i) all Property Accrued Costs and Expenses, (ii) all Property Incurred Costs and Expenses, and (iii) without limiting the generality of the foregoing, any Real Estate Tax Obligations with respect to the GSMS Property.

(j) <u>Loan Assumable</u>.  The GSMS Restructured Loan shall be assumable by any other person or entity pursuant to the same terms and provisions of the existing loan documents with respect to the GSMS Loan applicable to assumption of such loan by another person or entity.

(k) <u>Loan Documents</u>.

(1)    The existing loan documents with respect to the GSMS Loan shall be modified to reflect and be consistent with the terms and provisions of this Stipulation, the Plan, and the transactions contemplated hereby and thereby, pursuant to a modification document(s) in form and substance reasonably acceptable to Lender and the Debtor and their respective counsel, which shall be executed and delivered on the Effective Date.

(2)    Notwithstanding any other provision in this Stipulation, unless specifically modified by this Stipulation and/or the Plan, all existing terms and conditions in the loan documents for the GSMS Loan remain in full force and effect without modification, and shall survive as terms and conditions of the GSMS Restructured Loan, including but not limited to the provisions regarding transfer, assumption, single purpose, insurance, taxes, reserves, impounds, and monthly payments for those amounts.

(3)    In the event that the Parties can not agree as to such modification document(s), the matter shall be brought before the Bankruptcy Court to determine the terms and provisions of such modification document(s).

**5.    <u>Effective Date of Turnover.</u>**

(a)    On the Effective Date, (i) the Property Accrued/Incurred Costs and Expenses Fund shall be turned over to the Reorganized Debtor, and (ii) any Cash Collateral remaining available for payment to the Lender under the Cash Collateral Order, after deduction and payment therefrom of the Property Accrued/Incurred Costs and Expenses Fund, shall be turned over to Lender.

///

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

(b)     The Reorganized Debtor shall use the Property Accrued/Incurred Costs and Expenses Fund to pay (i) all Property Accrued Costs and Expenses, (ii) all Property Incurred Costs and Expenses, and (iii) without limiting the generality of the foregoing, any Real Estate Tax Obligations.

**6.     Discharge.**  On the Effective Date, pursuant to the Plan and Bankruptcy Code, all GSMS Claims will be discharged and released.  Such discharge and release will not discharge or release the obligations of the Reorganized Debtor to Lender under the Plan, this Stipulation and the GSMS Loan as modified by this Stipulation and the Plan.

**7.     Resolution of Motions.**  Upon the occurrence of the Order Entry Date, (i) Lender shall withdraw or dismiss the GSMS Stay Relief Motion subject to reinstatement pursuant to the terms of this Stipulation and (ii) Debtor shall withdraw or dismiss the Valuation Motion subject to reinstatement pursuant to the terms of this Stipulation.

**8.     Settlement Conditioned Upon Plan Confirmation, Effective Date Occurrence and Commencement of Confirmation Hearing.**  The Settlement and the obligations of Debtor and Lender under this Stipulation are subject to the entry of a Final Order confirming the Plan, the occurrence of the Effective Date, and commencement of the confirmation hearing by a date certain.  In the event that (a) the Plan, consistent with the terms and provisions of this Stipulation, is not confirmed; (b) the Plan is confirmed, but it is conclusively determined that the Effective Date cannot and will not occur in accordance with the terms of the Plan or Court order; or (c) the confirmation hearing for the Plan, consistent with the terms and provisions of this Stipulation, is not commenced on or before April 30, 2012, then upon written notice by either Party to the other Party, the Settlement shall be automatically null and void and of no force and effect, and the Parties to this Agreement shall be restored to their rights, interests and positions as existing before the entry into this Stipulation and the Settlement herein contained as if this Stipulation and the Settlement had not been entered or negotiated.

**9.     Entry of Order.**

(a)     This Stipulation  shall not take effect and shall not be binding on the Debtor and Lender unless and until the Court enters ("so orders") this Stipulation, the Order becomes a

Final Order and the Order Entry Date has occurred. In the event that the Court does not enter ("so order") this Stipulation, then (i) this Stipulation, and the Settlement, shall be automatically null and void and of no force and effect, except as provided in paragraph 10 of this Stipulation; (ii) the Parties shall be restored to their rights, interests and positions as existing before the Parties' entry into this Stipulation as if this Stipulation had not been entered or negotiated by the Parties; and (iii) the Valuation Motion and the GSMS Stay Relief Motion will be reinstated, hearings thereon will be scheduled and the Parties shall proceed with such litigation, or any other litigation, as they so choose, as if this Stipulation had never been entered or negotiated by the Parties.

(b) Upon the occurrence of the Order Entry Date, the terms and provisions of this Stipulation shall be deemed to be an order of the Court and (i) binding on Debtor, its bankruptcy estate, all Creditors and parties in interest, including any trustee who may hereafter be appointed for the Debtor in chapter 11 or chapter 7, (ii) binding on the Lender, and (iii) Debtor and Lender shall perform in accordance with this Stipulation.

**10.** **Specific Performance.** It is understood and agreed by the Parties that money damages would be an insufficient remedy for any breach of this Stipulation by any Party, and, accordingly, each non-breaching Party shall be entitled to specific performance and injunctive or other equitable relief as a remedy of any such breach, including, without limitation, an order of the Bankruptcy Court requiring any Party to comply promptly with any of its obligations hereunder.

**11.** **Credit Bid.** The Lender shall have the unqualified right, in its sole discretion, to credit bid all or any portion of the outstanding indebtedness under the GSMS Loan in any sale of the GSMS Property, as applicable, under or pursuant to (i) section 363 of the Bankruptcy Code; (ii) any plan of reorganization or plan of liquidation under section 1129 of the Bankruptcy Code which provides for the sale of the GSMS Property; or (iii) a sale or disposition by a chapter 7 trustee for any Debtor under section 725 of the Bankruptcy Code. Notwithstanding anything to the contrary contained herein, (i) this paragraph, and the Lender's right to credit bid, shall not and does not apply to the Plan; and (ii) without limiting the generality of the foregoing, a transfer of the GSMS Property pursuant to the Plan to the New GSMS Borrower, in the event that the Lender exercises the SPE Option, shall not and does not constitute a "sale" for which the Lender has the right to

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

credit bid all or any portion of the outstanding indebtedness under the GSMS Loan. The Debtors, on behalf of themselves and their estates, stipulate and agree that any sale of all or part of the GSMS Property, other than pursuant to the Plan, that does not include the Lender's unqualified right to credit bid up to the full amount of the outstanding indebtedness under the GSMS Loan would not result in the Lender receiving the indubitable equivalent of its claims and interests. Notwithstanding anything to the contrary, the effect and provisions contained in this paragraph 10 shall survive, be enforceable and binding on the Debtors in the event this Stipulation becomes null and void under its own terms.

DATED this 5th day of October, 2011.

**APPROVED**/DISAPPROVED:

**APPROVED**/DISAPPROVED:

**FOX ROTHSCHILD LLP**

**DUANE MORRIS LLP**

By    */s/ Hal L. Baume*
    HAL L. BAUME, ESQ.
    *Admitted Pro Hac Vice*
    ANNE M. LORADITCH, ESQ.
    Nevada Bar No. 8164
    3800 Howard Hughes Parkway, Suite 500
    Las Vegas, Nevada 89169
*Counsel for Whitton Corporation*

By    */s/ Phillip K. Wang*
    PHILLIP K. WANG, ESQ.
    *Admitted Pro Hac Vice*
    HOLLY S. STOBERSKI, ESQ.
    Nevada Bar No. 5490
    100 North City Parkway, Suite 1560
    Las Vegas, Nevada 89106
*Counsel for Secured Creditor*
*GSMS 2004-GG2 Sparks Industrial, LLC*

EXHIBIT 2

HAL L. BAUME, ESQ.
*Admitted Pro Hac Vice*
ANNE M. LORADITCH, ESQ.
Nevada Bar No. 8164
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: hbaume@foxrothschild.com
        aloraditch@foxrothschild.com
*Counsel for Whitton Corporation*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case Nos. BK-S-10-32857-BAM and BK-S-10-32680-BAM |
| WHITTON CORPORATION, a Nevada corporation, et. al.<br>Debtors. | Jointly Administered Under Case No. BK-S-10-32680-BAM |
| ☒ Affects this Debtor<br>☐ Affects all Debtors<br>☐ Affects South Tech Simmons 3040C, LLC | Chapter 11<br><br>Hearing Date: N/A<br>Hearing Time: N/A |

**ORDER GRANTING MOTION FOR ORDER TO APPROVE STIPULATION FOR SETTLEMENT REGARDING MOTION OF GSMS 2004-GG2 SPARKS INDUSTRIAL, LLC, FOR (I) RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D)(2) AND (D)(1), OR (II) IN THE ALTERNATIVE, (A) DETERMINATION THAT DEBTOR IS SUBJECT TO SINGLE ASSET REAL ESTATE REQUIREMENTS OF 11 U.S.C. § 362(D)(3) AND (B) FOR RELIEF FROM STAY THEREUNDER, OR (III) IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. 363(E), AND OTHER MATTERS**

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

Upon review and consideration of the:

(1)    Motion for Order to Approve Stipulation For Settlement Regarding Motion of GSMS 2004-GG2 Sparks Industrial, LLC, for (I) Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(2) and (d)(1), or (II) in the Alternative, (A) Determination that Debtor is Subject to Single Asset Real Estate Requirements of 11 U.S.C. § 362(d)(3) and (B) for Relief from Stay Thereunder, or (III) in the Alternative, for Adequate Protection, and Other Matters (the "Motion") filed by Whitton Corporation, a Nevada corporation ("Debtor"), a debtor and debtor in possession in the above-captioned chapter 11 bankruptcy cases;

(2)    Stipulation For Settlement Regarding Motion for Order to Approve Stipulation For Settlement Regarding Motion of GSMS 2004-GG2 Sparks Industrial, LLC, for (I) Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(2) and (d)(1), or (II) in the Alternative, (A) Determination that Debtor is Subject to Single Asset Real Estate Requirements of 11 U.S.C. § 362(d)(3) and (B) for Relief from Stay Thereunder, or (III) in the Alternative, for Adequate Protection, and Other Matters (the "Stipulation"), entered into by and between Debtor and GSMS 2004-GG2 Sparks Industrial, LLC ("GSMS," together with Debtor, the "Parties"), attached to the Motion as Exhibit 1;

(3)    Notice of Motion for Order to Approve Stipulation For Settlement Regarding Motion of GSMS 2004-GG2 Sparks Industrial, LLC, for (I) Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(2) and (d)(1), or (II) in the Alternative, (A) Determination that Debtor is Subject to Single Asset Real Estate Requirements of 11 U.S.C. § 362(d)(3) and (B) for Relief from Stay Thereunder, or (III) in the Alternative, for Adequate Protection, and Other Matters (the "Notice"); and

(4)    Certificate of Service related to the foregoing;

and upon the filing of a declaration attesting that no objections were filed within the 14-day time period provided by Rule 4001(d)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and the Court having determined that the Motion, the Notice and service of the Notice complies with Bankruptcy Rule 4001(d)(1)(C) and Rule 4001(c) of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Nevada; and for good cause appearing,

**IT IS HEREBY ORDERED** that:

1.    The Motion shall be and is hereby **GRANTED**.

2.    The Stipulation shall be and is hereby **APPROVED**, and the Parties thereto are hereby authorized to act in accordance with its terms.  A copy of the Stipulation is attached hereto as **Exhibit A** and made a part hereof.

///

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By  */s/ Anne M. Loraditch*
    HAL L. BAUME, ESQ.
    *Admitted Pro Hac Vice*
    ANNE M. LORADITCH, ESQ.
    Nevada Bar No. 8164
    3800 Howard Hughes Parkway
    Suite 500
    Las Vegas, Nevada 89169

*Counsel for Whitton Corporation*

# # #

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

# EXHIBIT A

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)